OTTO FLEISCHNER *vs.* CHARLES E. DURGIN.

Middlesex.    December 5, 1910. — January 5, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Agency*, Scope of employment.

If the owner of an automobile employs one, who is not in his general employ, to drive the automobile from a garage in Brookline to a shop less than a mile away in Brookline, and the driver without the knowledge or consent of the owner first takes the automobile to a square in Brookline, which is not on the way to the designated shop, has lunch, then with a friend drives the automobile to a shop in Boston six miles farther out of his way for the purpose of getting a chain for his own use, and then, just after he has turned back to go to the place to which he had been directed to go by the owner, negligently runs over a traveller on a street in Boston, who was in the exercise of due care, the owner of the automobile is not liable to the traveller for injuries thus sustained, because the act of the driver was not within the general scope of his employment.

RUGG, J.    The plaintiff while in the exercise of due care and travelling on Dartmouth Street opposite the Public Library in Boston was injured by the negligence of one Freeman, who was driving the defendant's motor car.    Freeman was not in the general employ of the defendant, but on the day in question had been asked by him to drive the car from the Stevens garage on Winchester Street in the town of Brookline to the shop of one Burlingame on Aspinwall Avenue also in Brookline and less than a mile away, for some repair.    Later in the day Freeman took the car, drove first to Coolidge Corner, a square in Brookline, not on the way to the Burlingame shop, where he had lunch. Then with a friend he drove the car about six miles farther out of the way from the garage to the Burlingame shop to a shop on

Stanhope Street in Boston for the purpose of getting a chain for his own uses. He had started to return to Brookline and was bound for the Burlingame shop when the accident occurred. The defendant gave no directions to go to Coolidge Corner or to Boston, and this ride was taken without his knowledge. Freeman had worked at the Stevens garage where the defendant kept his motor car, and once before had driven it to Boston. but under what circumstances does not appear.·

The principles which govern the rights of the parties are settled. The master is liable for the act of a servant in charge of his vehicle when the latter is acting in the main with the master's express or implied authority upon his business and in the course of the employment for the purpose of doing the work for which he is engaged. The master is not liable if the servant has abandoned his obligations, and is doing something not in compliance with the express or implied authority given, and is not acting in pursuance of the general purpose of his occupation or in connection with the doing of the master's work. Under this rule the employer has been held responsible for wrongs done to third persons by his driver during incidental departures from the scope of the authority conferred by the employment and upon comparatively insignificant deviations from direct routes of travel, but within the general penumbra of the duty for which he is engaged. *Hayes* v. *Wilkins*, 194 Mass. 223. The employment of Freeman was limited to a specific and short trip within a town. He took the car several miles out of the way, which was six or seven times as far as he had a right to go, to a crowded part of a large city on an errand wholly of his own, and had only just commenced to return at the time the injury to the plaintiff occurred, for which damages are sought in this action. He was acting in disregard of his instructions, and wholly outside his employment, and for a purpose having no relation even remote to the business of the master. The extent of the excursion which he undertook on his own account was so disproportionate to the length of the route he was authorized to go that it cannot be minimized to a deviation. It was in fact the chief journey. There is nothing to indicate that the defendant had any hint or ground for suspicion of this unwarranted use of his property. Under such circumstances he cannot be held liable. *McCarthy*

*v. Timmins*, 178 Mass. 378.  *Storey* v. *Ashton*, L. R. 4 Q. B. 476.
*Mitchell* v. *Crassweller*, 13 C. B. 237.

*Exceptions overruled.**

*H. W. Beal*, for the plaintiff.
*R. E. Buffum*, for the defendant, was not called upon.

---

* The case was tried before *Stevens*, J.