CARROLL REYNOLDS *vs.* WILLIAM J. DENHOLM.

Worcester.   September 30, 1912. — February 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, & DE COURCY, JJ.

*Agency,* Scope of employment.

At the trial of an action for personal injuries caused by the plaintiff being run into by an automobile of the defendant, it was admitted by the defendant that at the time of the accident the automobile was being operated by a driver who was in his employ, and there was evidence tending to show that the defendant had provided the automobile with the driver for the use of his family, that the driver had no fixed hours of employment but was subject at all times to the directions of the family, that he slept at the defendant's house but got his meals at a house half a mile away and had his laundry done at another place about as far distant, the defendant paying for the meals and laundry as part of his wages, that he was allowed by the family without objection to use the automobile to go to his meals and to get his laundry as he found it convenient, and that, as he was going in the automobile for his laundry after having been to his supper and before returning to the defendant's house, he ran into the plaintiff. *Held,* that the question of the defendant's liability was for the jury, who on the evidence would be warranted in finding that the use of the automobile by the driver at the time of the accident was incident to his employment or was permitted or assented to either expressly or impliedly by those having authority from the defendant.

MORTON, J.   This is an action of tort to recover for injuries caused by a collision of the defendant's automobile with the team driven by the plaintiff. The accident occurred August 7, 1910. At the close of the evidence the presiding judge * directed a verdict for the defendant, and the case is here on exceptions by the plaintiff to that ruling.

---

* *Irwin,* J.

The question is whether the evidence warranted a finding that what the driver of the machine was doing at the time of the accident came within the scope of his employment. The case is a close one and seems to have been tried with a hesitating touch on both sides. But it was finally admitted that the defendant owned the automobile and that it was being operated at the time of the accident by a chauffeur who was in the defendant's employ. It appeared, or there was evidence tending to show, that the chauffeur was employed to drive the automobile for the defendant's family whenever they wanted to use it; that he slept in the house occupied by the defendant and his family but took his meals at another place about half a mile distant, and that his laundry was done at still another place about as far away; that both his meals and his laundry were paid for by the defendant as a part of his wages; that he had no stated hours of service, but was subject at all times to the directions of the defendant's family; that "oftener than any other way" he went to his meals in the automobile, though he sometimes went on foot and sometimes in a carriage; that he went for his laundry at different times in the day as was convenient; that on the evening when the accident occurred he had been to his supper in the automobile and after supper was on his way to get his laundry at the time of the accident, and then to return to the house of the defendant to await orders; and that after the accident he went on and got his laundry and then went back to the defendant's house. We think that it could fairly be inferred from the evidence that he had been at other times after his laundry in the automobile, though never at the same time of day as when the accident occurred. We have then a case, as it seems to us it fairly could be found, of an automobile with a chauffeur to operate it provided by the defendant for the use of his family, the chauffeur having no fixed hours of service but subject at all times to the directions of the family, sleeping in the house and getting his meals and laundry elsewhere, for which the defendant paid as a part of his wages, and allowed or suffered by the family without objection to use the automobile to go to his meals and to get his laundry as he found it convenient, and while going on for his laundry in the automobile after he had got his supper, running into and injuring the plaintiff. If under these circumstances the jury should find that the use of the auto-

mobile by the chauffeur in going for his laundry was an incident of his employment, or was assented to either expressly or impliedly by those having authority from the defendant to direct the conduct of the chauffeur, then we think that the defendant would be liable. And we do not see how it can be ruled as matter of law that the jury could not so find. The question is not one of actual knowledge or express authority on the part of the defendant, but whether, taking all of the circumstances relating to the chauffeur's employment into account, his use of the automobile as and for the purpose for which he was using it at the time of the accident was incident to his employment, or was permitted or assented to either expressly or impliedly by those who were acting under authority received from the defendant. It does not seem to us that in the present case the fact that in going to the place where his laundry was the chauffeur went by and beyond the road that led to the defendant's house and away from the defendant's house is material, though in *McCarthy* v. *Timmins,* 178 Mass. 378, importance was rightly attached to a similar circumstance. See *Bourne* v. *Whitman,* 209 Mass. 155, 172; *Fleischner* v. *Durgin,* 207 Mass. 435; *Burns* v. *Poulsom,* 8 C. P. 563.

*Exceptions sustained.*

The case was submitted on briefs.

*J. A. Thayer, C. B. Perry & P. D. Howard,* for the plaintiff.
*C. C. Milton & F. L. Riley,* for the defendant.