JOHN MATHEWSON *vs.* EDISON ELECTRIC ILLUMINATING
COMPANY OF BOSTON.
DONALD U. B. ROBERTSON *vs.* SAME.

Middlesex.    January 21, 22, 1919. — April 12, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Agency,* Scope of employment. *Evidence,* Presumptions and burden of proof, Of intention, Matters of common knowledge. *Motor Vehicle.*

In an action against a corporation for personal injuries resulting from a collision of the plaintiff, when on a motorcycle, with a motor vehicle owned by the defendant and driven by one alleged to have been its employee and to have been acting within the scope of his employment, where an issue is, whether the driver was acting within the scope of his employment, and it appears that, in obeying instructions of the defendant to go between two cities named, he chose to go by a route five and five tenths miles, rather than by a route three

and six tenths miles long, the intention of the driver in taking the longer route is an important element to consider, and evidence thereof is material.

Deviation by a servant from a regular course, or travelling by a longer route than is required to reach his prescribed destination in the performance of his master's business, is not conclusive evidence that he is not then acting within the scope of his employment.

It is a matter of common knowledge that motor vehicles can be run over smooth ways where there is little or no street traffic much more easily, safely and quietly than over rough roads or where their progress is delayed by the presence of other vehicles or by the receiving or discharging of passengers from street cars; and such matters, therefore, are proper to be considered in the action above described in determining whether a deviation by the driver of the defendant's motor vehicle from a shorter route, which was less desirable for the motor vehicle for the reasons above named, to a longer, more desirable route, was an abandonment of the defendant's business.

Upon evidence at the trial of the action above described, tending to show that the longer route was taken by the defendant's driver with an intention to reach his prescribed destination by the quickest and best route for the motor vehicle, it was *held* that a finding was warranted that the driver, when he ran into the plaintiff, was acting within the scope of his employment by the defendant.

At the trial of the action above described, the defendant's driver was called as a witness by the plaintiff and testified that he had taken a companion on the trip with him. There was no evidence that he had concealed this fact. The defendant attempted to introduce evidence tending to show that he had stated to one of its claim agents that he had taken such companions with him. The evidence was excluded. *Held,* that the exclusion was proper.

TWO ACTIONS OF TORT, the first for personal injuries and the second for personal injuries and damage to the plaintiff's motorcycle, alleged to have resulted from a collision with a motor vehicle of the defendant carelessly driven by one of its employees in the course of his employment. Writs dated November 4, 1916.

In the Superior Court the actions were tried together before *Hitchcock,* J. The material evidence is described in the opinion. Crossman, the driver of the defendant's car at the time of the accident, was called by and testified for the plaintiff.

At the close of the evidence the defendant moved that verdicts be ordered in its favor. The motions were denied. The defendant further asked for the following rulings:

"2. If it appears that the chauffeur Crossman, at the time of the accident to the two plaintiffs, was using the defendant's automobile in violation of one of the rules established by the defendant for the use of its automobiles, the defendant is not responsible for the negligence, if any, of the chauffeur at the time of the accident."

"4. The rule prohibiting the use of the defendant's automobiles 'off the course on which (the chauffeur's) duties would naturally take him, or indulging in any practices savoring on "joy riding,"' was a reasonable rule or regulation.

"5. It was not necessary, in order to make the rule referred to binding on all its chauffeurs (or, in particular, upon Crossman,) that the defendant be obliged to call the attention of each chauffeur (thus including Crossman) to the notice; the defendant had performed its whole duty and had done all that the law required of it to make the rule operative when it posted the notice containing the rule in a place where the notice could be read by the chauffeurs."

"9. The fact, if it be a fact, that the chauffeur Crossman at the time of the accident was intending to take the defendant's automobile to the defendant's garage, does not make or bring him at the time of the accident within the scope of his employment, unless at the time of the accident he was on the direct route from Woburn or Arlington (the last place he did work for his employer) to the company's garage on Massachusetts Avenue.

"10. The intention of the chauffeur Crossman, if it existed at the time of the accident, to take the defendant's automobile to the defendant's garage, is material only if he was upon the direct route from Woburn or Arlington Centre to the garage.

"11. The facts that Norris was with the chauffeur at the time of the accident and that Norris owned a house on Concord Avenue, which was along the route chosen by Crossman, are facts which the jury may consider upon the proposition whether Crossman was engaged at the time of his accident upon the defendant's business.

"12. A man's intentions may be gathered from his acts as well as from his words, and the maxim that 'Actions speak louder than words' may be taken into account by the jury in arriving at Crossman's intention at the time of the accident.

"13. If, at the time of the accident, Crossman was taking his friend Norris to ride and to or by the latter's house by a route other than the direct route called for by his (Crossman's) employment, he (Crossman) was not engaged in his master's business, and the defendant is not responsible for his negligence, if any."

"18–b. A deviation from the direct route of nearly or practically

two miles is not so comparatively insignificant as to make the defendant responsible for Crossman's acts."

"20. If Crossman immediately after the accident and while still in the defendant's employ, instead of informing the defendant that he was on Pleasant Street for purposes of his own or for no purpose connected properly with the defendant's business, gave the defendant to understand that he had honestly, unintentionally lost his way while on the way back to the defendant's garage; any payment by the defendant to Crossman of his wages which might otherwise be evidence of a ratification by the defendant cannot be given the effect of a ratification so as to make the defendant liable to the plaintiffs for Crossman's acts.

"21. Until and unless the defendant had full knowledge of the plaintiffs' accident (including their account of it as well as Crossman's), there could be no ratification by the defendant of Crossman's acts."

The rulings were refused. In answer to special questions, the jury found that both plaintiffs were in the exercise of due care, that Crossman was negligent and that he was engaged in prosecuting the business of the defendant and was acting within the scope of his employment in returning to the garage of the defendant through Pleasant Street and Concord Avenue.

In the first action the jury found for the plaintiff in the sum of $3,000, and in the second action they found for the plaintiff in the sum of $3,000 on a count for personal injuries and in the sum of $85 on a count for damage to the motorcycle. The defendant alleged exceptions.

*E. C. Stone,* for the defendant.

*D. E. Hall, (P. S. Broderick* with him,) for the plaintiffs.

CROSBY, J. These are two actions to recover for personal injuries received by the plaintiffs by reason of a collision of a motorcycle, upon which they were riding, with an automobile of the defendant driven by one Crossman who was in its general employ but who, it contends, was not then acting within the scope of his employment. The accident occurred on a Sunday morning at the junction of Pleasant Street and Concord Avenue in Belmont. There was evidence tending to show that the plaintiffs were in the exercise of due care and that Crossman was careless.

On the morning of the accident Crossman was directed by the

defendant to take an automobile to Woburn, there leave it, and to bring another back to its Massachusetts Avenue garage. Returning there were two routes to the defendant's garage which could have been taken from Arlington: one, by way of Massachusetts Avenue to Harvard Square in Cambridge, the other, by way of Pleasant Street and Concord Avenue in Belmont and thence along Concord Avenue to Harvard Square. The distance from Arlington to Harvard Square by Massachusetts Avenue was three and six tenths miles, while the distance by Pleasant Street and Concord Avenue (the route taken by Crossman) was five and five tenths miles. There was evidence that there were two shorter ways from Arlington to Harvard Square, — one of which passed over two railroad crossings at grade and a portion of the road was rough at the time of the accident, and the other (over Leonard Street) was so narrow that there was barely room for a street car and automobile to pass; that while the return trip by way of Massachusetts Avenue was shorter in point of distance, yet on account of the traffic on the street cars the quicker route was by way of Pleasant Street, where there were no car tracks, and Concord Avenue, where the tracks were on a reservation outside the travelled part of the way; and that a very much larger number of cars was operated on Massachusetts Avenue than on Concord Avenue. Crossman was familiar with the Massachusetts Avenue route and had never been over Pleasant Street before, although knowing a part of Concord Avenue and that it ran to Harvard Square. There is no evidence that he received any instructions as to the way to be taken. He testified that he wanted to get home as soon as possible and intended to return by the nearest and best way; that he thought the way he took was a good way to go; that he did not know at that time that he was going "so far out of his way," and that he had heard that Concord Avenue was a good way to go, — that there were no car tracks and not much traffic. It also appeared that on the return trip he invited to ride an acquaintance named Norris, who was intending to go to Boston and who was in the automobile from Woburn up to the time of the accident.

The defendant offered in evidence the following order or rule made by the company: "Any employee, while operating our vehicles found off the course on which his duties would naturally

take him, or indulging in any practices savoring on 'joy riding,' will be summarily dismissed." It might have been found that the course taken by the driver and his invitation to Norris did not violate the rule.  Hence its legal effect need not be determined.

In deciding whether, in view of the longer way which the driver took, he was acting for a purpose of his own or was still engaged in his master's work, his intention is important.  Deviation by a servant from the regular course, or travelling by a longer route than is required to reach his destination in the performance of his master's business, is not conclusive evidence that he is not then acting within the scope of his employment.

It is a matter of common knowledge that motor vehicles can be run over smooth ways where there is little or no street traffic much more easily, safely and quickly than over rough roads, or where their progress is delayed by the presence of other vehicles, or by the receiving or discharging of passengers from street cars. These are matters proper to be considered in determining whether the deviation from a regular or more direct route is an abandonment of the master's business.  An automobile is so different from other means of transportation that what might be a material deviation from the shortest route in travelling with a horse and wagon might be justifiable in an automobile.  The jury may have found that the driver, in adopting the course he took, under all the circumstances chose the quickest and best way to reach his destination, and that by so returning he had not abandoned his master's business but was acting in the course of his employment.  Verdicts for the defendant could not properly have been directed.  *Hayes* v. *Wilkins,* 194 Mass. 223.  *McKeever* v. *Ratcliffe,* 218 Mass. 17.  *Donahue* v. *Vorenberg,* 227 Mass. 1.  *Ritchie* v. *Waller,* 63 Conn. 155.  The facts in the case at bar plainly distinguish it from *McCarthy* v. *Timmins,* 178 Mass. 378, *Fleischner* v. *Durgin,* 207 Mass. 435, *Mitchell* v. *Crassweller,* 13 C. B. 237, *Storey* v. *Ashton,* L. R. 4 Q. B. 476.

The exceptions to the exclusion of evidence to the effect that the defendant's claim agent received information from Crossman that Norris was with him at the time of the accident and that after his dismissal he told a claim agent of the defendant that Norris lived on Concord Avenue, cannot be sustained.  There is nothing to indicate that the witness concealed the fact that

'Norris was with him. He previously had stated that fact to another claim agent of the defendant.

There was no error in the admission of testimony of Crossman as to where he intended to go when he started down Pleasant Street. He already had testified to the same effect without objection. His intention was material. *Donahue* v. *Vorenberg, supra. Carriere* v. *Merrick Lumber Co.* 203 Mass. 322.

The defendant's second and fourth requests for rulings were properly refused except in so far as covered by the charge; the ninth and tenth were rightly denied; the eleventh, twelfth and thirteenth, so far as pertinent and sound, were covered by the instructions; the eighteenth was properly refused for the reasons before stated. The two exceptions to the charge relate to correct instructions given upon the issues presented.

*Exceptions overruled.*