### WALTER LEWANDOWSKI *vs.* MAX COHEN.

Suffolk.   November 12, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Agency*, Scope of employment.   *Motor Vehicle.   Practice, Civil,* Exceptions.

Where, at the trial of an action for personal injuries caused by a collision with a motor vehicle owned by the defendant and alleged to have been driven negligently by his employee, there is evidence tending to show that, when the collision occurred, the employee was acting within the scope of his employment in driving to the defendant's garage, the mere fact that he was not taking the most direct route to the garage but at times on the journey was travelling away from it, did not require a ruling as a matter of law that the deviation was so great that he must be found to have been engaged in a purpose of his own and not engaged in the defendant's business; but the question, whether he was acting within the scope of his employment, was for the jury.

At the trial above described, the defendant asked for a ruling, "If the jury find that at the time and place of the accident, the driver of the automobile was going away from the defendant's garage, and it does not appear for what purpose or upon what business he was operating the car at said time and place, the defendant [plaintiff] cannot recover." The request was refused, and the defendant excepted. The judge stated in his charge "that if the jury found that . . . [the driver] . . . was negligent, that the plaintiff was in the exercise of due care, that at the time and place of the accident . . . [the driver] . . . was in the employ of the defendant and was acting within the scope of said employment, the plaintiff could recover." *Held,* that, although the ruling asked for was a correct statement of the law and it was not given in the form described, it was given in substance, and the defendant was not harmed.

TORT for personal injuries and damage to the plaintiff's horse and wagon caused by a collision with a motor vehicle owned by the defendant and negligently operated by his servant or agent. Writ in the Municipal Court of the City of Boston dated December 12, 1919.

On removal to the Superior Court, the action was tried before *Morton,* J.   Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $875; and the defendant alleged exceptions.

*R. W. Frost,* for the defendant.

*J. H. Coakley,* for the plaintiff.

CROSBY, J.   There was evidence that the plaintiff, while driving his horse on Chestnut Street in Chelsea, was injured by reason of a collision between an automobile operated by one Goodman,

and the plaintiff's wagon. The questions whether the plaintiff was in the exercise of due care, and whether Goodman was negligent were properly left to the jury. It could have been found that the defendant was the owner of the automobile and that Goodman was in his general employ.

Goodman testified that on the afternoon of the day of the accident he polished, cleaned, oiled and greased the car and washed and worked on it at the defendant's garage until about three o'clock and then drove the defendant's son to the house of his aunt; that after driving to the defendant's yard, where he put oil and gas into the car, he took the defendant's bookkeeper to a street car at Chelsea Square; that he then started to return to the defendant's garage on Washington Avenue; that after passing over several streets he finally got on Chestnut Street, where the accident occurred.

The circumstance that the defendant was the owner of the automobile at the time of the accident and that the operator was in his general employ, is not enough to show that the servant was engaged in his master's business. *Hartnett* v. *Gryzmish*, 218 Mass. 258, 262. *Gardner* v. *Farnum*, 230 Mass. 193, 196. *Weiner* v. *Mairs*, 234 Mass. 156.

While it appeared that in returning from Chelsea Square to the garage Goodman did not take the most direct route and at times was travelling away from the garage, it could not have been ruled as matter of law that at the time of the accident the deviation was so great that he was engaged in a purpose of his own and was not acting within the scope of his employment. These were questions of fact to be determined by the jury. A verdict for the defendant could not have been directed. *McKeever* v. *Ratcliffe*, 218 Mass. 17. *Donahue* v. *Vorenberg*, 227 Mass. 1. *Mathewson* v. *Edison Electric Illuminating Co. of Boston*, 232 Mass. 576, 581.

The defendant excepted to the refusal of the presiding judge to give the following request: "If the jury find that at the time and place of the accident, the driver of the automobile was going away from the defendant's garage, and it does not appear for what purpose or upon what business he was operating the car at said time and place, the defendant [plaintiff] cannot recover." The instruction embodied in the request was a correct statement of the law and was pertinent to the evidence before the jury.

The judge stated in his charge "that if the jury found that Goodman was negligent, that the plaintiff was in the exercise of due care that at the time and place of the accident Goodman was in the employ of the defendant and was acting within the scope of said employment, the plaintiff could recover." Although the request was not given in the form presented, the jury in substance were told that, in order to recover, the plaintiff, in addition to establishing due care and negligence, must prove that "at the time and place of the accident" Goodman was in the employ of the defendant and was acting within the scope of his employment. We are of opinion that from this instruction the jury must have clearly understood that the plaintiff could not recover if, at the time and place of the accident, Goodman was acting for a purpose of his own and was not engaged in his master's business.

*Exceptions overruled.*