ALBERTINE L. BARNEY, administratrix, *vs.* MARY A. MAGENIS.

Suffolk. March 10, 1922. — April 18, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, & CARROLL, JJ.

*Agency,* Scope of employment. *Evidence,* Declaration of deceased person, In contradiction. *Practice, Civil,* Charge to jury. *Damages,* In tort: for mental anguish.

At the trial of an action of tort by an administrator for personal injuries to and the causing of the death of the plaintiff's intestate when he was run into by a motor car owned by the defendant and being driven by her chauffeur without her being present, the defendant contended that at the time of the accident the chauffeur was not acting within the scope of his employment. It appeared that the defendant had directed the chauffeur to proceed from her home in Dedham to three florists in Boston to get flowers and to take them to a lawn party in Newton, that his route was not prescribed, that she knew that he had a room in Boston and that he did not have his laundry done at her house. The chauffeur was called as a witness for the plaintiff and the character of his testimony disclosed that he was hostile to the plaintiff. He admitted that he had

lied to an officer of the Massachusetts Highway Commission. He testified that from Dedham, after procuring his laundry, he proceeded to his room in Boston, changed his linen, got his mail and was proceeding through the centre of Boston intending to go to a wharf when the accident happened. He did not go to the wharf. He testified that he told an officer of the highway commission that he was on the way "to several flower stores," naming them. The point of his stated deviations to go to his room was a mile, and the accident occurred one half mile from the florists. Upon an exception by the defendant to a refusal of the judge to order a verdict in her favor, it was *held*, that

(1) This court in the circumstances would be slow to rule as a matter of law that the jury could not infer that the chauffeur had implied assent of the defendant to go to his room for clean linen before attending the lawn party;

(2) Even if the jury believed that there was an unauthorized deviation by the chauffeur to go to his room, they might disbelieve the chauffeur's testimony that he was intending to go to the wharf, and could find that the deviation came to an end previous to the accident and that the chauffeur had resumed his regular course to the florists on the defendant's business.

At the trial of the action above described, the following question asked of the decedent's mother and her answer were admitted in evidence: Q. "Did he [the intestate] say anything about how fast the car was going?" A. "He said, 'It dragged me between twenty-five and thirty feet. It must have been going all of thirty or thirty-five miles an hour.'" *Held*, that the first part of the answer plainly was admissible under G. L. c. 233, § 65, as a statement of fact, and that the second portion also was admissible as only an emphatic form of stating that the automobile was moving fully thirty or thirty-five miles an hour: that the intestate was expressing a fact derived from the exercise of his own senses, and not merely an opinion or guess.

After the testimony of the chauffeur above described, the plaintiff was permitted to testify that the decedent had told him that the defendant's chauffeur had said that "he was on his way to get flowers for the woman he worked for and was in a hurry." *Held*, that the testimony was admissible to contradict the testimony of the chauffeur that, when the accident happened, he was going to a wharf.

At the trial above described, the judge charged the jury on the question of damages for conscious suffering, "the conscious suffering . . . includes both physical pain or hurt that was felt by the injuries to the body, and it also includes mental solicitude, anxiety or anguish, that were in your judgment suffered by the man during the eleven days that he lived. Physical pain is hurt to the body; the suffering that is endured by reason of bodily injury. The law recognizes as a legitimate subject of recovery the anguish of mind that a man may go through, accompanying an injury; solicitude; anxiety as to whether he will recover, and you will be mindful of the situation that the case presents. The feelings, mental in their character, apart from the bodily hurt; thoughts for friends, immediate relatives, arising from the feeling that life may come to an end, are matters for your consideration, and for such allowance by way of money compensation as you feel should be given. It is compensation . . . that you award. I put emphasis upon the word compensation." *Held*, that, although the specification of the thoughts and feelings producing mental suffering was perhaps unnecessarily detailed, it could not be said that the instructions were erroneous in law.

Tort for the causing of conscious suffering and the death of Dr. Willis O. Barney, the plaintiff's intestate, who was run into by a motor car owned by the defendant and alleged to have been driven by her employee, one Herbert H. Shuman, near the corner of Washington Street and Bennett Street in Boston. Writ dated July 30, 1919.

In the Superior Court the action was tried before *Aiken,* C.J. Material evidence and exceptions saved by the defendant are described in the opinion. The portion of the charge objected to by the defendant was as follows: "If it is your conclusion that a case has been made out in behalf of the plaintiff, then there is a right to damages for the conscious suffering of Dr. Barney in the eleven days that he lived after the accident, and that includes both physical pain or hurt that was felt by the injuries to the body, and it also includes mental solicitude, anxiety or anguish, that were in your judgment suffered by the man during the eleven days that he lived. Physical pain is hurt to the body; the suffering that is, endured by reason of bodily injury. The law recognizes as a legitimate subject of recovery the anguish of mind that a man may go through, accompanying an injury; solicitude; anxiety as to whether he will recover, and you will be mindful of the situation that the case presents. The feelings, mental in their character, apart from the bodily hurt; thoughts for friends, immediate relatives, arising from the feeling that life may come to an end, are matters for your consideration, and for such allowance by way of money compensation as you feel should be given. It is compensation, gentlemen, that you award. I put emphasis upon the word compensation, because now I pass to the claim for death and that presents an entirely different question. The law does not attempt the utterly impossible task of awarding compensation to friends by reason of the loss of a member of the household. It could not be done."

There was a verdict for the plaintiff in the sum of $10,500, of which $5,000 was awarded under a count for the causing of death and $5,500 was awarded under a count for conscious suffering. The defendant alleged exceptions.

*R. Gallagher,* (*J. G. Harnedy* with him,) for the defendant.

*Joseph Wentworth,* for the plaintiff.

De Courcy, J. The plaintiff has a verdict in an action brought

to recover damages for the conscious suffering and death of her intestate, Dr. Willis O. Barney. It is admitted in the defendant's bill of exceptions that there was evidence of the intestate's due care, and (independently of any evidence excepted to) that his injury and death were due to the negligence of Herbert H. Shuman in operating an automobile owned by the defendant.

1. It is argued that the motion for a directed verdict should have been granted, on the ground that the evidence did not warrant a finding that Shuman was engaged in the business of the defendant at the time of the accident. It was undisputed that he was in her general employ, and that on the morning of the accident he left her home at Dedham with instructions to go to three florists in Boston and get flowers and take them to a lawn party in Newton. The route he should take was not prescribed. The accident happened on Washington Street, near the corner of Bennett Street. Shuman was called by the plaintiff and testified that he drove into Boston by way of Beacon Street; that he went from Dartmouth Street to Tremont and turned off Tremont at Union Park Street where he had a room at number 25; that there he got his mail, and later changed his linen (which he had obtained elsewhere in the meantime). He said that he then returned to Tremont Street, went thence by way of Broadway to Washington Street, and was coming toward the centre of Boston when he reached Bennett Street, where the accident occurred. He further said that he intended to leave Washington Street at Summer Street, to go to Long Wharf. In short, his claim was that he had deviated from his route for purposes of his own. It is evident from his testimony that Shuman as a witness was hostile to the plaintiff. In view of that, and his final admission that he lied to the highway commission officer, the jury might well scrutinize a story which could easily be invented by a culpable chauffeur, and prove difficult to contradict. It is significant that the accident happened at a place which is on the direct route between the defendant's home in Dedham and the flower shops to which Shuman was instructed to go. Assuming that he used the route to Boston by way of Beacon Street, when he deviated therefrom to go to his room on Union Park Street he was more than a mile from the florists, while he was only half a mile therefrom at the place where the accident happened. The defendant

knew he had a room in Boston, and that he did not have his laundry done at her house. We should be slow to rule as matter of law that the jury could not infer from all the circumstances relating to Shuman's employment that he had the implied assent of the defendant to go to his room for clean linen before attending the lawn party. *Reynolds* v. *Denholm,* 213 Mass. 576. *Lewandowski* v. *Cohen,* 237 Mass. 125.

But even if the jury believed that there had been an unauthorized deviation they could find that it came to an end prior to this accident, and that Shuman had resumed his regular course to reach the flower shops in the performance of the defendant's business. *Donahue* v. *Vorenberg,* 227 Mass. 1. *Mathewson* v. *Edison Electric Illuminating Co. of Boston,* 232 Mass. 576, 581, and cases cited. They might well discredit his statement that he intended to go to Long Wharf, — where in fact he did not go. Finally, he testified, when first called as a witness, that what he said to Mr. McGonagle, of the Massachusetts Highway Commission, with reference to the accident was true; and that he told McGonagle "I was on my way to several flower stores, including Penn's, Cassidy's, and Galvin's." Even though he later said he lied to McGonagle, the jury could accept such part of his testimony as they believed to be true. *Hankinson* v. *Lynn Gas & Electric Co.* 175 Mass. 271. The motion for a directed verdict was denied rightly.

2. Exceptions relating to evidence: The judge refused to strike out the following testimony of the intestate's mother: Q. "Did he [the intestate] say anything about how fast the car was going?" A. "He said, 'It dragged me between twenty-five and thirty feet. It must have been going all of thirty or thirty-five miles an hour.'" The first portion of the answer plainly was admissible under the statute (G. L. c. 233, § 65). And with some hesitation, we think the last portion may be regarded as only an emphatic form of stating that the automobile was moving fully thirty or thirty-five miles an hour; that the intestate was expressing a fact derived from the exercise of his own senses, and not merely an opinion or guess. *Slotofski* v. *Boston Elevated Railway,* 215 Mass. 318. *Johnson* v. *Foster,* 221 Mass. 248. *Little* v. *Massachusetts Northeastern Street Railway,* 223 Mass. 501, 504. *Eldridge* v. *Barton,* 232 Mass. 183, 187. The testimony given by the plaintiff, that

her intestate told her that Shuman had said to him "he was on his way to get flowers for the woman he worked for and was in a hurry," was competent to contradict Shuman, who had denied making this statement. The objection that the chauffeur had no authority to speak for his employer after the accident was not raised at the trial, and is not now open.

3. The charge: The requests to which the defendant was entitled were given, most of them in terms. The real issues in controversy were called to the attention of the jury fully and with discrimination. Exception was taken "To so much of the charge as permitted the jury to base damages upon mental solicitude, anxiety and anguish . . . to consider . . . thoughts for friends and the immediate family." As we construe the language used by the judge in instructing the jury, the mental suffering which he directed them to consider was that connected with and growing out of the physical injury. He stated explicitly: "The law recognizes as a legitimate subject of recovery the anguish of mind that a man may go through, accompanying an injury." The specification of the thoughts and feelings producing such mental suffering was perhaps unnecessarily detailed, but it cannot be said to be erroneous in law. *Sullivan* v. *Old Colony Street Railway*, 197 Mass. 512, 516.

*Exceptions overruled.*