MATTHEW CUMMINGS *vs.* REPUBLIC TRUCK COMPANY.

Suffolk. November 30, 1921. — April 21, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Agency*, Scope of employment. *Municipal Court of the City of Boston*, Appellate Division, Appeal.

An employee of the owner of a motor truck, having used the truck on business of his employer in Everett, instead of returning directly to a garage in Brookline where the truck was kept by the owner, accompanied two friends with the truck to a dance four miles farther over in Everett, in doing so acting "in accordance with a privilege customarily accorded him by his employer to use the car for purposes of his own when not needed in" his employer's business. After the dance, at 11.30 P.M., the employee started on the return route to the garage by a route not improper, in view of route conditions, for a return route even from the point where the employer's business was last terminated by the employee. The employee intended on the way home to stop for lunch. Such stop would not have caused a deviation from the route, but it was not made because, before the place for lunch was reached, the employee ran the truck into an automobile, damaging it. The owner of the automobile brought an action of tort against the owner of the truck for damages so caused. *Held*, that the facts above described warranted a finding that, when the plaintiff was injured, the defendant's employee was acting within the scope of his employment.

The action above described was tried in the Municipal Court of the City of Boston, and the trial judge, besides reporting the above question, also reported for review, if he had power to do so, the question whether the evidence warranted

his special finding that the employee's trip to the dance was "in accordance with a privilege customarily accorded him by his employer to use the car for purposes of his own when not needed in the defendant's business." It appeared that the employee had testified without objection "that he customarily kept the car out until he saw fit to return it" and that he thought he had a right to do so. *Held*, that, although the evidence was meagre, an inference was warranted that such action of the employee was with the knowledge and authority of the defendant.

TORT for damages to an automobile of the plaintiff alleged to have been caused by its being run into by a motor truck of the defendant negligently driven by his agent or servant. Writ in the Municipal Court of the City of Boston dated February 28, 1920.

The Chief Justice of the Municipal Court, by whom the action was heard, ruled that a finding for the plaintiff was warranted on special findings made by him, which are described in the opinion, and reported the case to the Appellate Division. He also, if he had power to report such a question for review, reported the question, whether one of his special findings, described in the opinion, was warranted by the evidence. The evidence reported by him was as follows:

Direct examination of McMahon: Q. On the evening of November 26th were you doing any business for the defendant? A. Up to about half past eight. — Q. And what was that business? A. In regard to a sale; a prospect in regard to the sale of a truck. I don't just remember whether I sold it. However, I remember the name of the party and where I had been to. — Q. And whether or not it was your duty when you got through your work to return the car to a garage? A. Customarily I kept the car out until I saw fit to return it.

Cross examination of McMahon: Q. So that at the time you left your home or left Malden, you started to go to a dance? That was your final destination? A. I had to get over to see this party and, on my way over there, invited them to take a ride and then the suggestion was made that we go to a dance and I accepted. — Q. You thought you had a perfect right to use the automobile for a thing like that, after you got through your business? A. Yes sir.

The Appellate Division ordered the report dismissed; and the defendant appealed.

*E. J. Sullivan,* (*W. Doyle* with him,) for the defendant.
*W. I. Badger, Jr.,* for the plaintiff.

JENNEY, J.  The main question for decision is whether the finding for the plaintiff was warranted by the facts found by the judge.

One McMahon, in the course of his employment by the defendant, on the evening of November 26, 1919, "went . . . to interview" a prospective customer on Oak Street in Everett, properly using the defendant's automobile for that purpose.  This business having been concluded, instead of returning the automobile to the garage in Brookline where it was kept, McMahon accompanied two friends to a dance held in Whittier Hall, also in Everett, remaining there until about 11.30 P.M.  This hall was about four miles beyond Oak Street.  The judge found that in so using the automobile he acted "in accordance with a privilege customarily accorded him by his employer to use the car for purposes of his own when not needed in the defendant's business."  The route in returning was by the "main road toward the garage, a route not improper, in view of road conditions, for a return road even from Oak Street, although in that event part of the circuit outside the point of accident might have been omitted."  While so returning, the automobile operated by McMahon collided with and injured that of the plaintiff.  No question arises as to the plaintiff's due care or McMahon's negligence.  On the way home McMahon and his friends had planned to stop for lunch.  The accident prevented this.  Such a stop would have involved no deviation in route.  At the time of the accident, McMahon's main objective was the garage in Brookline.  Although no specific finding to that effect was made, it is clear that the automobile had wholly left Everett and was on the return route to the garage, as the accident occurred on Prospect Street in Somerville.

It thus appears, or could have been found, that McMahon's deviation from his employer's business had ended and that when the accident happened, he was within the line of his duty in returning the automobile to the place where it was kept.  It could not have been ruled as matter of law that he had been so distant from the scene of his services or had so abandoned his duty as to have relinquished his employment for the night.  Neither is it conclusive against the plaintiff that no collision would have taken place if McMahon had returned promptly.  The case is within the authority of *Donahue* v. *Vorenberg,* 227 Mass. 1.  See *Riley* v. *Standard*

*Oil Co. of New York,* 231 N. Y. 301.   It is distinguishable from
*McCarthy* v. *Timmins,* 178 Mass. 378, and *Fleischner* v. *Durgin,*
207 Mass. 435.   The fact that he had companions whose presence
was not incidental to his employment does not require a different
result.   *Fitzgerald* v. *Boston & Northern Street Railway,* 214 Mass.
435.   *Donahue* v. *Vorenberg, supra.   Mathewson* v. *Edison Electric
Illuminating Co. of Boston,* 232 Mass. 576.

   The judge also reported the question whether the evidence
warranted his finding that McMahon in his use of the automobile
acted in accordance with a privilege customarily accorded him.
G. L. c. 231, § 108.   Rules 37 and 38 of the Municipal Court of
the City of Boston.   *Lynn Gas & Electric Co.* v. *Creditors National
Clearing House,* 235 Mass. 114.

   The evidence was meagre; but, assuming the question is open
upon the report, we think that the answer of McMahon, made
without objection, that he customarily kept the car out until he
saw fit to return it, was sufficient to warrant the inferential finding
that such action was with the knowledge and authority of his
employer.   It further appeared that the use was under a claim of
right.

   The order of the Appellate Division of the Municipal Court
must be affirmed.

*Ordered accordingly.*