GENTILE FLOUR AND PRODUCTS COMPANY *vs.* PIETRO
MOSCHELLA & another.

Suffolk.    November 10, 1924. — February 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Declaration of deceased person, Opinion.

At the trial of an action of contract, an issue was, whether a damaged
condition of flour of the plaintiff, in sacks, was caused by water leaking
upon it from premises of the defendant, as the plaintiff contended, or
by faulty bagging and handling, as the defendant contended.    One,
who had examined the flour for the defendant three days before the
commencement of the action, died before the trial and his daughter,
called by the defendant, was permitted to testify that her father had
told her certain facts which substantiated the defendant's contention,
she fixing the date of her father's examination of the premises from an
entry in a book which was produced.    The plaintiff then offered the
entry, which contained the statement, "Examined Sacks.    Flour
damaged by water."    The entry was excluded.    *Held,* that the entry
should have been admitted, it setting forth not an opinion but in sub-
stance an inference of fact from collective facts observed by the de-
clarant himself when making an examination of the flour.

TORT for damage to flour upon premises hired by the
plaintiff from the defendants, alleged to have been caused
by a leak of water negligently permitted by the defendants.
Writ dated January 8, 1919.

In the Superior Court, the action was heard by *Lawton,* J.
Material evidence is described in the opinion.    There was a
verdict for the defendants.    The plaintiff alleged exceptions.

*H. E. Perkins,* for the plaintiff.

*S. Kalesky & R. W. Nason,* for the defendants.

BRALEY, J.    This is an action for damages alleged to have
been suffered by the plaintiff from having its flour, which
was stored in the cellar of the defendants' building, injured
by water through their negligence.    The plaintiff introduced
evidence that the flour, when stored October 27, 1918, at
the defendants' premises 11 Sheafe Street, Boston, was in
good condition, but that "three or four days before Christ-
mas" a spot appeared on the ceiling that looked like water.

The record states that one of the defendants, upon being informed of this condition, "looked at the ceiling and said, 'I will look after that you may be sure.' " The plaintiff upon investigation discovered a broken pipe in the toilet on the first floor with a rag around it, and that water came from the ceiling, causing the flour to be wet and dirty. It also could be found that the defendant Pietro Moschella on December 25, 1918, went to the first floor and found the pipe under the toilet seat broken with a cloth around it.

The defendants, besides a general denial of the conditions described by the plaintiff, contended that the sacks containing the flour were more or less broken at the time of storage, scattering the flour on the floor, and that the damp and wet condition of the flour was caused by faulty bagging and handling.

· G. L. c. 233, § 65, provides that a declaration of a deceased person shall not be inadmissible as hearsay, if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant. The defendants in support of their contention that the flour was not wet by water from the ceiling called as a witness the daughter of a deceased official flour inspector of the chamber of commerce, who was permitted by the judge to testify that her father told her, that when he examined the flour January 6, 1919, he put his hand on the ceiling and found it was perfectly dry, the bags also were dry, but the middle of the flour was "hard and caky," and "when he inserted his bore to test the flour . . . he saw no signs of water anywhere." He further said, "he found that the flour was hard and lumpy and there were weevils in it." In cross-examination, she said that she remembered the date because her father marked it down, and produced a book and pointed to the date where it appeared in his handwriting. The plaintiff then offered the entry which read, "January 6. Moschella, Sheafe Street. Examined Sacks. Flour damaged by water." It was excluded and the plaintiff excepted. The entry should have been admitted. It was not an opinion, but in substance it was an inference of fact from collective facts observed by the declarant himself when

making an examination of the flour.  *Eldridge* v. *Barton*, 232 Mass. 183, 187.  *Barney* v. *Magenis*, 241 Mass. 268, 272. *Rowley* v. *Cole*, 244 Mass. 375.  The error was not harmless but prejudicial, and the exceptions must be sustained.

*So ordered.*