## DOMINGUEZ et al. v. BLAUGRUND et al.
### No. 2570.

Court of Civil Appeals of Texas. El Paso.
Oct. 1, 1931.

Harold Hankamer, of El Paso, for appellants.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellees.

HIGGINS, J.

This is a personal injury suit against the appellees, doing business under the name of the American Furniture Company.

Mrs. Dominguez was struck by a truck owned by the appellee and driven by their employee, Gus Bailon. At the conclusion of the evidence, a peremptory charge in favor of the defendants was given based upon the view that the undisputed evidence disclosed that at the time of the injury Bailon was not acting within the scope of his employment, but was driving the car upon a mission of his own. The only question presented is whether this view of the trial court was correct.

Briefly stated, the evidence discloses the following facts without contradiction: The truck was owned by the appellees, and was one of a number operated by them in their delivery service. The trucks at night were stored in the Central Storage Garage in the western part of the city of El Paso on San Francisco street. It was the duty of the truck drivers to take the trucks to the garage mentioned as soon as the day's deliveries were made. Ordinarily, the deliveries were completed by 6 or 7 o'clock. Jack Blair was the foreman of appellees' warehouse. At about 7 o'clock on the night of the accident Blair, at his home, in the eastern part of the City, saw Bailon driving the truck; he hailed Bailon, and inquired what he was doing out at that time of the night. Bailon replied that he had taken Mr. Blair's assistant, Fred Coleman, home. Blair told Bailon it was time for the car to be in, and directed him to turn it in at once. Instead of proceeding directly to the garage, Bailon drove the car to his home at 715 South Campbell street, in the south part of the city, where he ate supper and cleaned up. He then started to the garage, but, after going about a block, he met Luis Jarimillo and Joe Ligeras, who got in the truck with him. The three then went in the truck to a prize fight on South Ochoa street in the 900 block. They witnessed the prize fight from the truck. They stayed there until 9 o'clock, when the fight was over. Bailon testified: "Then we made a circle on 7th and came back; made a hairpin turn on 7th and Ochoa. We drove the truck east from where it was parked to 7th and Ochoa, then made a hairpin turn and came west on 7th. Then went south on Florence street, then went east on 8th street, then came north on Ochoa street, where the accident occurred in the middle of the block. We just drove around that block to see if we could see anybody we knew. The accident occurred about in the middle of the 900 block."

His companions, Jarimillo and Ligeras, testified to the same effect. They all testified

that, after having driven around the block, it was the intention to then proceed to the garage and store the car. In circling the block, they did not see anybody they knew, and at the time of the accident they had just turned in a northerly direction going in the direction of Overland street, about nine blocks distant. At Overland street they would have turned west to go to the garage.

It is the contention of the appellant that, since at the time of the accident Bailon was driving the same in the general direction of the garage, and intended taking it directly to the garage and storing it, as it was his duty to do, he was therefore at the time acting within the scope of his employment. This contention cannot be sustained.

As we view the evidence, it shows that in going to his home, thence to the prize fight, and then driving around the block to see if they could see any one they knew, Bailon was not acting in the course of his employment, but was engaged in his own affairs. The idle circling of the block was certainly for his own purpose, and he had not completed the circle.

A very similar state of facts was presented in Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039; Id. (Tex. Civ. App.) 189 S. W. 85; Fleischner v. Durgin, 207 Mass. 435, 93 N. E. 801, 33 L. R. A. (N. S.) 79, 20 Ann. Cas. 1291; Eakin's Administrator v. Anderson, 169 Ky. 1, 183 S. W. 217, Ann. Cas. 1917D, 1003.

In each of these cases the same contention was made as is here urged by the appellant and rejected. We need not review these cases, for an examination of the opinions rendered therein will disclose that the facts are analogous to the undisputed evidence in this case, and it was held in each of the cases that the drivers of the cars were acting outside the scope of their employment, and their masters, who owned the cars driven by them, were not liable for injuries inflicted by them.

Finding no error in the action of the court in giving the instruction complained of, the judgment is affirmed.