JOSE MIGUEL *vs.* LINDEN MOTOR CAR COMPANY, INC.

Bristol.    October 26, 1942. — November 30, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Agency*, Scope of authority or employment.

Evidence, that a garage employee whose duty it was to drive an automobile to the garage for repairs, instead of taking the direct and customary route thither, went in another direction to his home for breakfast and was involved in a collision on his way back from his home to such route, did not warrant a finding that at the time of the collision he was acting within the scope of his employment.

TORT.    Writ in the Third District Court of Bristol dated November 21, 1940.

The action was heard by *Potter*, J.

*A. P. Doyle,* for the plaintiff.

*S. I. Braudy,* for the defendant.

Cox, J.    The report of the trial judge, who found for the plaintiff, states that at the opening of the trial it was agreed by counsel that the only issue to be decided was whether or not one Rebello, at the time he was operating the motor vehicle that was involved in the collision with the plaintiff's automobile, was the agent or servant of the defendant and acting within the scope of his employment. Upon report, the Appellate Division for the Southern District decided that there was prejudicial error in the denial of the defendant's request for a ruling that Rebello, at the time of the collision, was not acting as the defendant's agent, and ordered the finding for the plaintiff vacated and that a finding for the defendant be entered.    It has not been argued that this request does not properly raise the question whether Rebello, at the time of the collision, was acting within the scope of his employment, and the question whether he was is the only one that has been argued.

It could have been found that Rebello was an employee of the defendant, and that part of his work was to "pick-up" automobiles to be repaired and to deliver automobiles that had been repaired at the defendant's garage.    The day before the collision occurred, the daughter of the owner of the automobile that was being operated by Rebello at the time of the collision drove this automobile to the defendant's garage for the purpose of having repairs made.    It was impossible to make the repairs that day, and the defendant's manager told another employee to deliver the automobile to the owner's daughter at her place of employment. This employee, however, turned this task over to Rebello, who delivered the automobile, whereupon he and the owner's daughter arranged that she would pick him up at seven-thirty o'clock the following morning in front of the defendant's garage.    She did, then drove him to her place of employment and told him to drive the automobile back to the defendant's garage.    But instead of doing this, he went to his home for breakfast, and it was while he was

driving from his home to the garage that the collision occurred. Rebello's usual time for commencing work at the garage was eight o'clock in the morning.

The report states that it was agreed by counsel that the most direct and ordinarily travelled route by which an automobile would travel from the daughter's place of employment to the defendant's garage was a distance of one and three tenths miles "in a due northerly direction"; that the "automobile distance" from this place of employment to Rebello's home was one mile in a "due westerly direction"; and that the "automobile distance" from Rebello's home to the place where the collision occurred was one tenth of a mile "due east"; and therefore that the place of collision was nine tenths of a mile "due west" from the place of employment.

The liability of the defendant for the admitted negligence of Rebello depends upon whether he was then acting within the scope of his employment. *McKeever* v. *Ratcliffe*, 218 Mass. 17, 19. See *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573, 576. There was no evidence from which it could be found, by inference or otherwise, that Rebello had any authority to use the automobile for the purpose of getting his breakfast as an incident of his employment (compare *Reynolds* v. *Denholm*, 213 Mass. 576; *Walsh* v. *Feinstein*, 251 Mass. 109, 111, 112), and there was no evidence from which it could be found, by inference or otherwise, that after Rebello left the automobile owner's daughter at her place of employment, there was anything for him to do in the scope of his employment except to drive the automobile to the defendant's garage.

We are of opinion that the evidence did not warrant a finding that, at the time of the collision, Rebello was acting within the scope of his employment. The permissible findings do not disclose that this is a case where Rebello chose "the quickest and best way to reach his destination" (see *Mathewson* v. *Edison Electric Illuminating Co.* 232 Mass. 576, 581), or that, at the time of the collision, he had resumed the performance of his duty (see *Donahue* v. *Vorenberg*, 227 Mass. 1, 6), or that his "deviation from his em-

ployer's business had ended" (see *Cummings* v. *Republic Truck Co.* 241 Mass. 292, 294).

The case at bar is governed by *McCarthy* v. *Timmins*, 178 Mass. 378, and *Fleischner* v. *Durgin*, 207 Mass. 435. See *Vallavanti* v. *Armour & Co.* 260 Mass. 417; *Gearin* v. *Walsh*, 299 Mass. 145. It is distinguishable from *Hayes* v. *Wilkins*, 194 Mass. 223, *McKeever* v. *Ratcliffe*, 218 Mass. 17, 20, *Lewandowski* v. *Cohen*, 237 Mass. 125, and *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, and from other cases to which reference has already been made.

*Order of Appellate Division affirmed.*