## GARFORD TRUCKING CORPORATION et al. v. MANN.
### No. 4244.

Circuit Court of Appeals, First Circuit.
July 24, 1947.
Writ of Certiorari Denied Oct. 27, 1947.
See 68 S.Ct. 112.

Herbert S. Avery and M. T. Prendergast, both of Boston, Mass., for appellants.

Stephen C. Struffolino, of Lawrence, Mass., Francis J. Monahan and Albert S. Resnick, both of Boston, Mass., for appellee.

Before CLARK,[1] MAHONEY and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

These are separate appeals from a single judgment entered upon verdicts returned for the plaintiff in an action sounding in tort for negligence brought against both a trucking corporation and one of its drivers. The plaintiff is a resident of New York. The corporate defendant was organized under the laws of New Jersey and the individual defendant was a resident of that State at the time the action was begun. The amount in controversy far exceeds $3,000 exclusive of interest and costs. Federal jurisdiction on the ground of diversity of citizenship and amount in controversy is therefore clear.

Although both defendants have appealed, only the corporate defendant is actively prosecuting. And it does not make the contention that the evidence is insufficient to warrant the reasonable conclusion that it is somewhat more probable than not that its driver's negligent operation of its motor vehicle caused the accident in which the plaintiff was injured. Its contention is that the plaintiff has failed to sustain the burden resting upon him to prove by a balance of the probabilities that at the time of the accident its driver was acting within the scope of his employment. More specifically, its contention is that on the evidence reasonable men could only find that when

---

[1] Judge Clark of the Second Circuit, serving by designation.

the accident occurred its driver had deviated from his assigned route on a personal undertaking of his own.

Framingham, Massachusetts, the place where the accident occurred, lies roughly midway between Boston and Worcester on Route 9, a four lane express highway connecting these two cities. Another main highway, but only a two lane one, known as Route 20, also runs from Boston to the vicinity of Worcester. This latter route leaves a more northerly part of the City of Boston than Route 9, passes through Wayland, five or six miles north of Framingham, then trending gradually toward the south, it intersects Route 9 a few miles east of Worcester. Route 20 then swings south of the City of Worcester and continues in a southwesterly direction to connect with routes to New York City and points in New Jersey. Route 126, known in Framingham as Concord Street, runs north and slightly east from Framingham Center (which is south of Route 9), crosses Route 9 at approximately a right angle, and intersects Route 20 in Wayland. Thus Framingham, Wayland, and the point of intersection of Routes 9 and 20 lie at the angles of a rough right triangle; the short leg of which, Framingham to Wayland, is about six miles, the long leg, Framingham to the intersection of Routes 9 and 20 is about 15 miles, and the hypotenuse, Wayland to that intersection of routes, is about 23 miles.

At the time of the accident the individual defendant, Glogowski, was driving one of the corporate defendant's trucks loaded with baled wool on orders to take his load from Framingham Center to his employer's terminal in South River, New Jersey. From the place in Framingham Center where Glogowski picked up his load he drove by what he said was the most direct way he knew to Route 126 and turned north. At or a little beyond the overpass which carries this route over Route 9 he stopped to give a ride to a sailor who said that he was on his way to Saxonville, a small community on Route 126 between Framingham and Wayland. The accident occurred on this route a half mile to a mile north of the point where it crosses Route 9.

Glogowski testified that the corporate defendant's local manager only gave him general orders to take his load from Framingham to South River. The local manager, however, testified that in addition to such general orders he gave Glogowski specific directions to leave Framingham on Route 9, follow it to the point near Worcester where Route 20 crosses it, and then to take Route 20.

On the evidence summarized above, and it claims that this is all the admissible evidence there is bearing upon Glogowski's choice of route out of Framingham, the corporate defendant contends that reasonable men could not find it more probable than otherwise that Glogowski was acting within the scope of his duties as an employee at the time of the accident. We do not agree.

We pass the question whether the defendant's contention can be sustained on the evidence stated for the reason that there is further competent evidence in the record throwing light upon Glogowski's purpose, intention, or state of mind when he chose to leave Framingham on Route 126 rather than on Route 9. This evidence consists of testimony as to certain remarks made by Glogowski within 10 days after the accident while he was a patient in a hospital, the general tenor of which was that he took Route 126 out of Framingham because it afforded the most direct way to Route 20, and in his opinion he could make better time on that Route, even though it was longer, than he could on Route 9.[2]

When testimony of these remarks of Glogowski was offered, counsel for the defendants objected, and after colloquy the district court admitted the testimony telling the jury, however, that it was to be used only in the action against Glogowski, and that further instructions with respect to this limitation upon the use of the testimony would be given in the charge. Before argument, however, the court below

---

[2] There is evidence that Route 9 carries much heavier traffic and is hillier than Route 20.

called counsel to the bench and told them that Glogowski's purpose in taking Route 126 was "one of the important facts to determine whether he was within the scope of his authority" and that the jury would be instructed that they might use testimony of Glogowski's remarks generally under the rule "Where the mental condition of a person at a particular time is in issue, his appearance, conduct, acts, and declarations, after as well as before the time in question, have been held admissible in evidence, if sufficiently near in point of time."[3] The jury were later instructed in conformity with this ruling.

We think the district court's final ruling and its instructions to the jury in accordance therewith are correct.

■ Certainly, under thoroughly familiar principles, if Glogowski took Route 126 out of Framingham for some purpose having nothing to do with his service—solely to give his sailor-passenger a ride to Saxonville, for instance—his employer, the corporate defendant, could not be held liable here. But, under equally familiar principles, if he took that route because he felt that by doing so he could further his employer's interest by saving time on the road, then, even though he thereby violated his orders, his employer could be held liable for the consequences of his negligence provided his deviation from route was not so great as in reason to require a finding that it constituted a total departure from his master's business. Hayes v. Wilkins, 194 Mass. 223, 80 N.E. 449, 9 L.R.A.,N.S., 1033, 120 Am.St.Rep. 549; Mathewson v. Edison, etc., Co. of Boston, 232 Mass. 576, 122 N.E. 743; Lewandowski v. Cohen, 237 Mass. 125, 129 N.E. 378; Cummings v. Republic Truck Co., 241 Mass. 292, 135 N.E. 134.

■ Since we cannot say that Glogowski's detour of some 15 miles in the course of a journey of some 250 miles was so great as to require the conclusion as a matter of law that it amounted to an independent journey as distinguished from a mere deviation from route, the corporate defendant's liability hinges upon the purpose for which Glogowski elected to take the route which he did. And not only is it established in Massachusetts, as stated by the court below, that an actor's purpose, if that be in issue, can be shown by his reasonably contemporaneous declarations, but it is also established as a general proposition that: "Evidence of statements by an agent introduced in order to show the purpose for which he did an act or to show his knowledge or state of mind is admissible in favor of and against the principal under the rules relating to the introduction of evidence for this purpose. Statements by an agent are not excluded because made by an agent. If his knowledge or condition of mind or purpose is relevant to the cause of action which is being brought, either party may introduce evidence relevant to show this." Am.Law Inst., Restatement of, Agency § 289, comment c. See also 6 Wigmore on Evidence, 3d Ed., § 1729.

■ Massachusetts law appears to be in accord. Elmer v. Fessenden, 151 Mass. 359, 24 N.E. 208, 5 L.R.A. 724; Nowell v. Chipman, 170 Mass. 340, 49 N.E. 631; Partridge v. United Elastic Corporation, 288 Mass. 138, 141, 192 N.E. 460. Cf., however, Conklin v. Consolidated Railway Co., 196 Mass. 302,[4] 82 N.E. 23, 13 Ann.Cas.

---

[3] This is a quotation from Lane v. Moore, 151 Mass. 87, 89, 90, 23 N.E. 828, 21 Am.St.Rep. 430, in which the court also said: "So where the question was whether a testator, by canceling a will, intended to revive a former will, it was considered that his subsequent declarations were competent for the purpose of showing what his intention was. Pickens v. Davis, 134 Mass. 252, 257, 258, [45 Am.Rep. 322], and cases there cited. * * * There are certain proper limitations to the admissibility of such evidence. One is that the matters testified of should be sufficiently near in point of time so that the testimony may be of value in determining the question which is directly in issue. * * * the judge will determine whether the time is so remote, or whether the circumstances have so changed, that declarations then made would not be deemed satisfactory evidence tending to show the person's condition at the earlier period."

[4] For adverse comment on this case see 1 Wigmore on Evidence, 3d Ed., § 106, note 1.

857. But however this may be, the testimony of Glogowski's remarks is admissible under federal law (Lawlor v. Loewe, 235 U.S. 522, 526, 35 S.Ct. 170, 59 L.Ed. 341) and the rule of this case, if more liberal, governs. Rule 43(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The judgment of the District Court is affirmed.