■ RICHARD H. ERNST, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36292.) — Appeal by the State from a judgment of the Court of Claims awarding damages in the amount of $11,028.25 for personal injuries sustained by claimant. Claimant was a passenger in an Air National Guard plane piloted by one Peter Nast which crashed in the Connecticut River on February 24, 1958. The plane involved had been secured that morning by Nast at the Zahn Air Field, Amityville, Long Island, ostensibly so that he could partially fulfill the "Annual Minimum and Maximum Flight Requirements for Army Aviators." From Zahn Field they flew to the Westchester County Airport where the plane was refueled and Nast filed a flight plan with the operational officer indicating his intent to fly to Atwood Airport, Northampton, Massachusetts. On arriving in Northampton claimant and Nast spent 45 minutes visiting with a Smith College student and then began the return trip to Amityville. As they crossed the Connecticut River at a height of 50–80 feet, the plane hit some high tension power lines and crashed injuring claimant and killing Nast. It is conceded that the accident occurred in the State of Massachusetts. Appellant contends that it is not responsible for the injuries sustained by claimant because at the time of the accident Nast was not "acting within the scope and in the performance of his duties in the military service of the state" (Court of Claims Act, § 8-a). It is urged in support of this contention that the fatal trip had, as its sole purpose a personal mission, to visit the Smith College girl, and that, in any event, in flying 142 miles to Northampton from his point of origin at Zahn Field, Nast exceeded the authorized use of his plane. There is testimony that Nast was required to confine his flight to within a 100-mile radius of Zahn Field. In Massachusetts as in this State the question of whether a given activity is within the scope of employment or is a deviation therefrom is factual (*Cummings* v. *Republic Truck Co.*, 241 Mass. 292; *Donahue* v. *Vorenberg*, 227 Mass. 1; *Riley* v. *Standard Oil Co.*, 231 N. Y. 301). The trier of the facts has resolved the factual questions of deviation, the extent thereof and the resumption of duties in claimant's favor and on the present record we see no reason to disturb its determination. Similarly the question of whether Nast was negligent in the operation of the plane is factual (*Eason* v. *State of New York*, 280 App. Div. 358), and again on the present record we see no reason to disturb the findings of the court below. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ. [38 Misc 2d 264.]