Joseph Walukewich, administrator, *vs.* Boston and Northern Street Railway Company.

Same *vs.* Same.

Essex.   January 7, 1913*. — June 17, 1913.

Present: Rugg, C. J., Morton, Hammond, Braley, & Sheldon, JJ.

*Negligence*, Of child.

If a girl seven years of age, whether following playmates or not, starts to run across a street railway track in front of a plainly visible and rapidly approaching car, which is so near that she barely has got upon the track when the car strikes her, she is negligent as matter of law, there being nothing to show that she was in the exercise of any care at all.

Two actions of tort, by the administrator of the estate of Jennie Walukewich, a girl seven years of age, who was injured and killed by a street railway car operated by the defendant on River Street in Haverhill on April 25, 1907, the first action for causing the death of the plaintiff's intestate and the second action for her conscious suffering.   Writs dated April 17, 1908.

In the Superior Court the cases were tried together before *Raymond*, J., who on the evidence, which is described in the opinion, ordered the jury to return verdicts for the defendant.   The plaintiff alleged exceptions.

---

*Although these cases were submitted on briefs before *Kyle* v. *Boston Elevated Railway*, *ante*, 260, was argued, they were decided after that case on the same day.

The cases were submitted on briefs.

*J. B. Ferber, C. H. Innes & W. Turtle,* for the plaintiff.

*J. P. Sweeney & L. S. Cox,* for the defendant.

MORTON, J.  We think that this case is governed by *Kyle* v. *Boston Elevated Railway, ante,* 260.  The evidence leaves it uncertain whether the child ran on to the track after two of her playmates whom she was following, or whether they turned and ran back to the sidewalk, and she started to run across the track alone.  Some witnesses testify one way and some the other in regard to that matter.  But whichever account of what happened is taken, the result is the same in regard to the question of the child's due care. She started to run across the track in front of a rapidly approaching car only a short distance away without apparently taking any thought for her safety.  The car was so near that she hardly had got upon the track when the car struck her.  There was nothing to obstruct her view or to distract her attention and nothing but her age can be pleaded as an excuse for her conduct.  But the fact that she was of tender age does not alone entitle the plaintiff to recover.  The defendant is not an insurer.  In order to entitle the plaintiff to recover, his intestate must have exercised such care as she was capable of.  The difficulty with the plaintiff's case is that she does not appear to have exercised any care at all.

The result is that the exceptions must be overruled in each case.

*So ordered.*