MARY SUGHRUE *vs.* BAY STATE STREET RAILWAY COMPANY.
TIMOTHY D. SUGHRUE *vs.* SAME.

Middlesex.     March 20, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Of custodian of child, Street railway.

In an action against a street railway company for personal injuries received by a child two and one half years of age, it *was assumed* that St. 1914, c. 553, was not applicable.

A child two and a half years of age lived with her parents, who had no servant, in a house facing on a street, upon which was a street car line, and also facing a sea beach, which was somewhat more than one hundred feet beyond the street and which could be seen from the front piazza of the child's home through a space of twenty-nine feet between two cottages on the other side of the street. At about eight o'clock in the morning of a day in July, the child's mother gave her into the charge of a sister, thirteen and one half years of age and a high school pupil, who was accustomed to her care, to take her to the beach to play with the mother's two other children. The sister, having enjoined the child to stay where she was on the beach, went to take one of the other children from near some eel grass, turned round in about half a minute, noticed that the child was gone, ran one way and another and finally found her struck by a street car about one hundred feet from where she had left her. In an action for the child's injuries, it was *held,* on evidence tending to prove the foregoing facts, that findings were warranted that the mother was justified in leaving the child in the charge of her older sister, and that the sister in the performance of her duty as custodian did all that could be expected of an ordinarily prudent girl of her age.

At the trial of the action above described, there was further evidence that the motorman had an unobstructed view of the street at the place of the accident for a distance of six hundred feet; that, for two and a half hours before the accident, he had had difficulty stopping the car, which was equipped with both air and hand brakes, because of a slippery condition of the rails; that he was running the car, as he approached the place of the accident, at the rate of twenty-five miles an hour and was not sounding the gong; that he first saw the plaintiff when he was one hundred feet from her and she was ten feet from the track, although, previous to that, she had been in plain view while she went a distance of sixty feet. *Held,* that a finding was warranted that the motorman was negligent.

Two ACTIONS OF TORT, the first action being for personal injuries received by a daughter, two and one half years of age, of the plaintiff in the second case, when she was struck by an electric street car operated by the defendant on Sea Street in Quincy, and the second action being by the father for consequential damages. Writs dated August 10, 1916.

In the Superior Court the actions were tried together before *Jenney,* J. The material evidence is described in the opinion.

At the close of the evidence the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant then asked for rulings in substance that, upon all the evidence the plaintiff was not entitled to recover, and that there was no evidence that the motorman of the car was negligent. The rulings were refused. The jury found for the plaintiff in the first action in the sum of $6,250, and for the plaintiff in the second action in the sum of $8,800. The defendant alleged exceptions.

*E. P. Saltonstall & C. W. Blood,* for the defendant.

*F. S. Deitrick,* for the plaintiffs.

DE COURCY, J. Mary Sughrue, a little girl about two and a half years old, (hereinafter referred to as the plaintiff,) while crossing Sea Street, in Quincy, was struck by an electric car of the defendant. She sues, by her next friend, for personal injuries; and her father's action is for expenses and loss of services. The questions presented by the exceptions are whether there was evidence of the plaintiff's due care and of the motorman's negligence to warrant the submission of these issues to the jury.

Sea Street is sixty feet wide. On the southerly side was the Sughrue house, the piazza of which was some sixteen feet from the street line, and twenty-five feet from the nearer rail of the defendant's single track. Across the street were two cottages, known as "The Breakers" and the "Ona Ella," situated fifty-five and fifty-eight feet from the northerly rail, and with a clear space between them of twenty-nine feet. The rear of these cottages was about thirty feet from high water mark on the beach.

On the evidence most favorable to the plaintiff the jury would be warranted in finding the following facts: At about ten minutes before eight, on the morning of July 26, 1916, Mrs. Sughrue told her oldest daughter Eleanor, aged thirteen and a half years, to take the plaintiff across to the beach, — where her two other children

already had gone.  This mother had no servant, and was about to prepare breakfast for the family.  Eleanor, (who was a pupil in the Cambridge High School at the time of the trial,) for about six years had been accustomed to help her mother in the care of the younger children, taking them out every day when it was fair.  On this morning Mrs. Sughrue gave Eleanor instructions to be careful of the plaintiff, and not to leave her out of her sight, and also to look after the other children.  She went out on the piazza to see them off, and from time to time thereafter, to watch the children for a second or two.

Eleanor was dressed in her street clothes; and the plaintiff had on a bathing suit, but no hat or shoes.  Together they crossed to the beach, and walked up and down between the houses.  Then they sat down together watching the bathers at a spot in the rear of "The Breakers" about one hundred feet from where the accident occurred later.  In about ten minutes Eleanor saw her little sister Catherine going out in the water near the eel grass.  She got up, told the plaintiff to stay there until she came back (to which the plaintiff said "all right"), and went down to Catherine.  On turning around about half a minute afterwards Eleanor noticed that the plaintiff was gone.  Upon inquiry she learned that Catherine did not know where the little one was, and she ran around the corner of "The Breakers" toward Quincy, did not see her, then ran to the other corner, and saw the car stopped; and when she reached the car the injured plaintiff was in her father's arms.

Assuming that the due care statute (St. 1914, c. 553) is not applicable in this case, the plaintiff admittedly being too young to be capable of caring for herself, her rights must be determined by the care exercised by her proper custodian.  From the facts above stated, clearly the jury could find that Mrs. Sughrue was not negligent in entrusting the plaintiff to the oversight of Eleanor, in view of the latter's age and experience.  Indeed it is not suggested that the mother could have acted otherwise.  And if they believed the evidence supporting the facts above stated, they also could find that Eleanor, in the performance of her duty as custodian, did all that reasonably could be expected from an ordinarily prudent girl of her age.  *Sullivan* v. *Boston Elevated Railway*, 192 Mass. 37. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54.  *Marchant* v. *Boston & Maine Railroad*, 228 Mass. 472.

On the issue of the defendant's negligence there was evidence that the motorman on the approaching car had an unobstructed view of the street near the place of the accident for a distance of apparently six hundred feet, or more; that although the car was well equipped with air and hand brakes, he had experienced difficulty in bringing it to a stop during a period of two and a half hours before the accident, owing to the slippery condition of the rails, — and yet was running the car by the cottages on Sea Street at a speed of twenty-five miles an hour, and without sounding his gong; that the car was within one hundred feet of the plaintiff when he first saw her, although she had been in plain view while going from "The Breakers" to the point of the accident, a distance of about sixty feet; and that when the car was a hundred feet from that point, the child was within ten feet of the track. Without reciting in greater detail the testimony favorable to the plaintiff it seems clear that the jury were warranted in finding that the motorman was negligent either in not seeing the child in time to stop the car before it reached her, or in failing to bring it to a stop after he did see her, in time to avoid the accident. *Quinn* v. *Boston Elevated Railway,* 214 Mass. 306. *Harrington* v. *Boston Elevated Railway,* 214 Mass. 563. *Murphy* v. *Worcester Consolidated Street Railway,* 225 Mass. 264.

In each of the cases the entry must be

*Exceptions overruled.*