JOHN J. GALLAGHER, JR. *vs.* FREDERICK H. JOHNSON. JOHN J. GALLAGHER *vs.* SAME.

Suffolk.   November 9, 1920. — March 1, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Of child, Imputed, Contributory, Motor vehicle. *Statute,* Construction. *Parent and Child. Practice, Civil,* Actions tried together.

A boy four years and two months of age sitting on the seat of a motor vehicle beside his father, who is operating the vehicle, is too young to be capable of exercising any self-reliant care for his own safety; and, at common law, he is entitled to the benefit of his father's vigilance and forethought and is subject to all disadvantages resulting from any failure of performance of that parental duty, ordinary care as well as negligence of the father in that particular being attributable and imputed to the child.

An action by a boy for personal injuries received in a collision of motor vehicles when he was four years and two months of age and was sitting on the seat of one of the motor vehicles beside his father, who was operating the vehicle, was tried at the same time with an action by the father for damage to the vehicle, and there was evidence of negligence of the father contributing to the injury. The trial judge charged the jury in substance that the son's "case must stand or fall with his father's, because of the relationship of father and son," that "the cases stand or fall upon the due care or negligence of the father," that, if the father maintained the burden of proving that the defendant was negligent, he was "entitled to have compensation awarded him," unless the defendant maintains his burden of proving his allegation of contributory negligence on the part of the plaintiff. . . . Broadly, it must appear, in order to enable the plaintiff to recover, that the accident happened and happened wholly on account of the negligence of the defendant, and if you shall decide that in the case of the senior, then the boy's case would follow his and he would be entitled to have his compensation assessed." The defendant excepted only "to so much of the charge as stated in substance that in the first action the burden of proof was upon the defendant to show want of due care on the part of the driver of the automobile in which the plaintiff in the first action was riding." *Held,* that

(1) The record presented no question with respect to St. 1914, c. 553, as applicable to the boy alone;

(2) The Legislature intended that any presumption created for the benefit of the father by St. 1914, c. 553, should inure to the benefit of the son in the circumstances above described;

(3) Each plaintiff was a "person injured" within the words of St. 1914, c. 553, and, the acts and omissions of the father having the same bearing in respect to the safety of his minor son as they had in respect to himself, each plaintiff was entitled to recover upon proof that the defendant was negligent, unless the defendant sustained the burden of proving that the father was guilty of contributory negligence;

(4) No error in the instruction harmful to the defendant was shown;

(5) *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 267, and *Sullivan* v *Chadwick*, 236 Mass. 130, distinguished.

TWO ACTIONS OF TORT, the first action being for personal injuries received on July 21, 1917, when the plaintiff, a boy four years and two months of age, was riding with his father in a motor vehicle which, by reason of alleged negligence of a servant of the defendant, was run into by a motor vehicle of the defendant; and the second action being by the father for damages to his motor vehicle. Writs dated August 23, 1917.

In the answer in each action, the defendant alleged that "the plaintiff was not himself in the exercise of due care, but was careless and negligent and that such carelessness and negligence contributed to the accident alleged to have taken place."

In the Superior Court, the actions were tried together before *White*, J. Material evidence and an exception saved by the defendant to certain instructions in the charge to the jury are described in the opinion. The jury found for the plaintiff in the first action in the sum of $750; and for the plaintiff in the second action in the sum of $272.16; and the defendant alleged exceptions.

The cases were submitted on briefs.

*T. H. Calhoun & E. J. Sullivan*, for the defendant

*J. F. McDonald*, for the plaintiffs.

RUGG, C. J. These are two actions of tort. The first is by a boy four years and two months of age on July 21, 1917, by his father and next friend, to recover compensation for personal injuries arising from a collision on that date between an automobile owned and driven by his father and an automobile owned by the defendant and operated by his servant. The second action is by the father of the plaintiff in the first action to recover expenses incurred by him in the cure of his son rendered necessary by his injuries and also for damages to his automobile. Confessedly the collision of the automobiles took place. There was evidence tending to show negligence on the part of the defendant's servant

contributing to the collision, and also on the part of the adult plaintiff. The charge of the judge now material was in these words: "In his case the boy has no independent standing from his father so far as the matter of liability is concerned. In other words, his case must stand or fall with his father's, because the relationship between them is that of father and son. The boy was not old enough nor was he in the condition to exercise any independent due care on his own part, and so he is to have the benefit of the due care of his father in so far as his father exercised due care; and he is also charged with the negligence of the father in case the father is negligent. And so the cases stand or fall upon the due care or negligence of the father. . . . The burden of proof is upon him [John J. Gallagher, Sr.] of proving by the fair weight of the evidence that the defendant was negligent, and if proving that, he is entitled to have his damages assessed, compensation awarded him, unless the defendant maintains his burden of proving his allegation of contributory negligence on the part of the plaintiff, which would prevent his recovering. . . . If the plaintiff was guilty of any negligence which contributed to the accident, he cannot recover. Broadly, it must appear, in order to enable the plaintiff to recover, that the accident happened and happened wholly on account of the negligence of the defendant, and if you shall decide that in the case of the senior, then the boy's case would follow his and he would be entitled to have his compensation assessed. If you shall find that there was contributory negligence [on the part of the father], of course, then there is no recovery by either of the plaintiffs." No requests for instructions were presented by the defendant. The only question to be decided concerns the correctness of the charge so far as raised by the defendant's exception "to so much of the charge as stated in substance that in the first action the burden of proof was upon the defendant to show want of due care on the part of the driver of the automobile in which the plaintiff in the first action was riding." No question is presented as to St. 1914, c. 553, as applicable to the boy alone.

Manifestly the child plaintiff, riding on the seat beside his father, who was driving the automobile, was too young to be capable of exercising any self-reliant care for his own safety. He was in the immediate control of his father, who was responsible

for his preservation from hazard. It was the father's duty to watch over him and guard him from danger. He had a right to his father's protection. At common law, without merit or fault in respect of his own conduct, the child was entitled to the benefit of his father's vigilance and forethought and was subject to all disadvantages resulting from any failure of performance of that parental duty. Ordinary care in that particular, as well as negligence on the part of the father, would be attributable and imputed to the child. Being in the actual physical custody of his father, the child was identified with him so far as concerns due care and negligence. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123, 130. *Gibbons* v. *Williams,* 135 Mass. 333, 335. *Casey* v. *Smith,* 152 Mass. 294. *Marchant* v. *Boston & Maine Railroad,* 228 Mass. 472, 476. *Sughrue* v. *Bay State Street Railway,* 230 Mass. 363.

This principle of law arises out of the family. It recognizes the parent in a sense as the repository of a trust to nurture and protect his offspring. It charges him with responsibility on that footing. The natural fact of entire dependence of so young a child upon the parent is thus adopted as the basis of legal rights and obligations. This principle is quite disconnected with the law of master and servant, host and guest, joint adventurers, or any other association of life. It was thoroughly established in our law long before the enactment of St. 1914, c. 553. That statute provides in § 1 that "In all actions . . . to recover damages for injuries to the person or property . . . . the person injured . . . . shall be presumed to have been in the exercise of due care, and contributory negligence on his . . . part shall be an affirmative defence to be . . . proved by the defendant." It must be assumed, in the absence of evidence on that point, that the circumstances in the case at bar were such as to render that statute applicable in favor of the father in the action in which he was plaintiff because the jury were so instructed and no exception was taken. The father was a person seeking to recover damages for injury to his property and hence he was within the words of the statute. He was himself the person in the active operation of his own automobile. Therefore his conduct was the immediate object of inquiry as a vital issue on the trial of the action in which he was the plaintiff. His acts and omissions according to the law had precisely the same bearing in

every particular in respect to the safety of his minor son that they had in respect to himself. When the common law has established such identity between the father and his son of tender years and has so fully imputed to such child every element in the behavior of the parent having relation to either due care or negligence, it is rational to presume that the Legislature intended any presumption created by it for the benefit of the father to inure equally for the benefit of the son under circumstances such as are here disclosed. The father in the case at bar is a "person injured" because he is suing for a property damage. The son is a "person injured" because his action is brought to recover damages for injury to his person. Both are within the words of the statute. There would be a seeming inconsistency in holding that the father in respect of his conduct so far as it affected his own rights was entitled to the presumption of due care with the burden of proving the contrary upon the defendant and at the same time holding that his son as plaintiff was not entitled to the same benefits in respect of the same identic conduct so far as it affected his rights, notwithstanding the identity of the two established by general principles of law. The facts here disclosed do not require such inconsistency in the interpretation of the statute.

There is nothing at variance with this conclusion in *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262. The analysis of the statute there made shows that the presumption thereby created is available in general only in respect of the person injured. Its words are not applicable to the relation of master and servant, nor to kindred cases. The principle there declared does not reach to the facts here disclosed, where both the father and son are injured by the same accident and the latter is so young as to be wholly dependent upon and identified with the due care or negligence of his father. The cases at bar are distinguishable from *Sullivan* v. *Chadwick*, 236 Mass. 130, where the parents of the injured child were not present nor injured and were plainly negligent in their own conduct in regard to the child, and the plaintiff's case was rested on the deportment of the child alone, who did not exercise the requisite degree of care.

The defendant fails to show any harmful error in the instructions, which were sufficiently favorable to him.

*Exceptions overruled.*