HENRY ESHENWALD *vs.* SUFFOLK BREWING COMPANY.

Suffolk.   March 8, 1922. — March 14, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Of child, Imputed, In use of highway.

At the trial of an action for personal injuries received by a boy four years and eleven months of age, there was evidence tending to show that the plaintiff was returning alone to his home from a playground where he had been taken by his mother and was walking on a sidewalk on a public highway in Boston when he was run upon by a wagon backing up to a building of the defendant, the curbing being of such conformation that wagons could be backed to the doors of the building. *Held,* that

(1) The plaintiff was where he had a right to be and was apparently in a place of safety on the sidewalk;

(2) A finding was warranted that the plaintiff did nothing which would have been deemed careless if his movements had been directed by an adult of reasonable prudence;

(3) A finding was warranted that the plaintiff himself was in the exercise of due care.

At the trial above described, it appeared that the defendant's name was Suffolk Brewing Company and there was evidence to the effect that the wagon which was backed upon the plaintiff was loaded with bottles and was marked "Suffolk

Brewery Co.," and that wagons, such as that wagon was and marked as it was, had been seen upon and about the premises of the defendant; that the product of the defendant was packed in cases and empty bottles were returned to its brewery in cases, that no outside teams to haul the manufactured material either to or from its premises were employed, and that the wagons used by the defendant had its name on them. One witness testified that wagons used by the defendant were marked "Suffolk Brewing Company, Boston." *Held,* that

(1) A finding was warranted that the wagon by which the plaintiff was injured belonged to the defendant and was being used in its business;

(2) The slight difference in name between that of the defendant and that given in the testimony of one of the witnesses was not decisive.

TORT for personal injuries received by a boy four years and eleven months old when a wagon, alleged to have been owned by the defendant and negligently driven and managed by its servants or agents, was backed upon him. Writ dated December 19, 1918.

In the Superior Court, the action was tried before *Sanderson,* J. Material evidence is described in the opinion. A motion by the defendant that a verdict be ordered in its favor was denied, the jury found for the plaintiff in the sum of $891; and the defendant alleged exceptions.

*J. M. Morrison,* for the defendant.

*A. K. Reading,* for the plaintiff, was not called upon.

BY THE COURT. There was evidence to support a finding that the plaintiff, a boy four years and eleven months old, on November 7, 1918, while returning alone to his home from a playground where he had been taken by his mother, was walking on the sidewalk on Columbia Road in Boston and was injured by a wagon backing up to the brewery of the defendant, the curbing of the sidewalk being of such conformation that wagons could be backed up to the doors of the brewery.

The child was where he had a right to be and apparently in a place of safety on the sidewalk. It might have been found that he did nothing which would be deemed careless if his movements had been directed by an adult of reasonable prudence. *McNeil* v. *Boston Ice Co.* 173 Mass. 570. The plaintiff might himself have been found to have been in the exercise of due care. *Sullivan* v. *Chadwick,* 236 Mass. 130, 134. *Forzley* v. *Bianchi,* 240 Mass. 36.

There was evidence to the effect that the wagon which was backed upon the plaintiff was loaded with bottles and was marked "Suffolk Brewery Company," and that wagons, such as that

wagon was and marked as it was, had been seen upon and about the premises of the defendant; that the product of the defendant was packed in cases and empty bottles were returned to its brewery in cases, and that no outside teams to haul the manufactured material either to or from its premises were employed, and that the wagons used by the defendant had its name on them. This was sufficient to support a finding that the wagon by which the plaintiff was injured belonged to the defendant and was being used in its business. The slight difference in name between that of the defendant and that given in the testimony of one of the witnesses "Suffolk Brewing Company, Boston," was not decisive. It simply affected the weight of the testimony. *Murphy* v. *Fred T. Ley & Co.* 210 Mass. 371. *Norris* v. *Anthony,* 193 Mass. 225. *Robinson* v. *Doe,* 224 Mass. 319. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465.

*Exceptions overruled.*