NELLIE F. CONANT *vs.* KOSMOS CONSTANTIN & another.

Suffolk.    October 19, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Agency*, Scope of employment. *Negligence*, Motor vehicle. *Evidence*, Presumptions and burden of proof.

At the trial of an action for personal injuries alleged to have been caused on September 4, 1920, when the plaintiff was struck and knocked down by an automobile truck owned by the defendants, copartners, and driven by one in their general employ, a question at issue was, whether or not at the time of the injury the driver was acting within the scope of his employment. There was evidence of the following facts: The driver had operated automobiles since 1917, had licenses under the laws of the State of New Hampshire, and had driven cars in Lowell, Boston and New York. Several times during the week preceding the accident he had been accompanied by a chauffeur of the defendants while making deliveries from the truck by which the plaintiff was struck.    On the day of the accident he was operating the truck with one of the defendants riding beside him, having entered the defendants' employ a few days before.    That defendant had accompanied him to a State office for the purpose of applying for a chauffeur's license and after the accident had said to a witness that the time of the accident was included in the driver's regular working hours.    *Held*, that a finding was warranted that at the time of the accident the driver was acting within the scope of his employment.

At the hearing by a judge without a jury of the action above described, the judge properly might discredit such portions of the testimony of the driver and of the defendant riding with him as were unfavorable to the plaintiff's contentions and as he deemed unworthy of belief because inherently improbable or in conflict with conceded facts and reasonable inferences.

Requests for rulings, which assume the truth of facts in dispute or which seek a ruling upon the significance of certain facts viewed apart from and in-

dependently of other material facts disclosed at the hearing and relevant to the same issue, properly may be refused.

It *was stated* that, at the hearing of the action above described, it was unnecessary to consider whether the liability of the defendants could be based on their alleged violation of G. L. c. 90, § 12, which prohibits the owner of a motor vehicle from allowing it to be operated by any person who has no right to do so.

TORT against Kosmos Constantin and George Poulos, copartners doing business under the firm name and style of K. Constantin and Company, for personal injuries sustained when the plaintiff was struck and thrown down on Arlington Street in Boston by an automobile owned by the defendants and operated by their servant or agent. Writ dated October 27, 1920.

In the Superior Court, the action was heard by *McLaughlin,* J., without a jury. Material evidence is described in the opinion. At the close of the evidence at the request of the plaintiff the judge ruled as follows:

" 6. The violation of law by the chauffeur in failing to have a Massachusetts license to operate is evidence of negligence *if it contributed to cause the accident.*"

" 8. The fact that the chauffeur was licensed in another State did not permit him to operate legally a car in Massachusetts." This ruling was given with this qualification: " Given in the sense that it did not permit him to operate this car under the admitted circumstances of this case."

The following rulings asked for by the defendant were refused:

" 4. There is no evidence that the car alleged in the plaintiff's declaration to have injured the plaintiff and owned by the defendants, was, at the time of said injury, being operated by the defendants' agent or servant.

" 5. There is no evidence from which the court can find that the person operating the automobile described in the plaintiff's declaration was, at the time of said injury, engaged in the prosecution of the defendants' business and acting within the scope of his employment."

" 7. There is no evidence that the person operating the car described in the plaintiff's declaration was employed at any time to operate an automobile for the defendant."

" 9. Upon all the evidence in the case, the operator of the car alleged to have caused the injury complained of was, at the time of said injury, engaged in his own business upon his own time.

" 10. If, at the time of the accident and the injuries to the plaintiff, the operator of the truck was driving the truck for the sole purpose of going to Commonwealth Avenue to take an examination before one of the examiners of the highway commission, he was acting outside the scope of his employment and a judgment should be returned for the defendants."

" 13. The fact that one of the defendants accompanied the driver of the automobile described in the plaintiff's declaration at the driver's request and for the purpose of executing the driver's own purposes and for the driver's own benefit, in which purposes the defendants were not interested, the plaintiff cannot recover in this action."

" 16. If the court finds that the driver of the automobile simply borrowed it of the defendants for the purpose of taking an examination as to his qualifications to operate a motor vehicle in Massachusetts, and after said examination, drove the said automobile back to the place of business from where he took the car when he borrowed it, the mere fact that one of the defendants was in the car upon its return to the place of business, is no evidence that he was acting for the defendants at the time and was not a servant of the defendants nor acting for them in driving back to their place of business."

The judge stated that the thirteenth request was refused because in his opinion it assumed the truth of facts which were in dispute, and the sixteenth request was refused because he declined " to rule upon the significance of certain facts viewed apart from and independently of other material facts in this case and relevant to the same issue."

The judge found for the plaintiff in the sum of $9,000, and the defendant alleged exceptions.

*E. H. McDermott*, for the plaintiff.

*J. W. Ramsey*, for the defendants, submitted a brief.

DeCourcy, J.  The plaintiff, on September 4, 1920, was struck and injured by a Ford truck owned by the defend-

ants and operated by Anastasios Maranis, who was in their employ. The accident occurred on the westerly side of Arlington Street, at or near a public alley which leads westerly from that street. The trial judge, sitting without a jury, found for the plaintiff.

The defendants now raise no question as to the plaintiff's due care, or the negligence of Maranis; and have waived their exceptions to the judge's refusal to give the requested rulings 1 and 2. The only remaining issue, raised in substance by the requests numbered 4, 5, 7, 9 and 10, is whether there was evidence warranting a finding that Maranis, an admitted employee, was acting within the scope of his employment at the time of the accident.

On the evidence the judge could find these facts: Maranis was in the general employ of the defendant partners. He had operated automobiles since 1917, had a license under New Hampshire laws, and had driven cars in Lowell, Boston and New York. During the week preceding the accident he had several times accompanied the defendants' chauffeur, Barstow, while making deliveries from this same truck. On said September 4, he was operating a truck which admittedly was owned by the defendants; and one of the defendants, Constantin, was riding beside him. Although he had re-entered their employ only a few days before, the defendant Constantin himself, during business hours, accompanied Maranis to the armory and assisted him in applying for a chauffeur's license. Subsequently Constantin said to the witness Tillinghast that the time of the accident was included in the regular working hours of Maranis.

These significant facts, with the inferences properly deducible therefrom, warranted the trial judge in finding that said employee was acting within the scope of his employment when he drove the truck upon the sidewalk and against the plaintiff. The judge properly could discard such portions of the testimony of Constantin and Maranis, unfavorable to the plaintiff's claim, as he deemed unworthy of belief, because inherently improbable, or in conflict with the conceded facts and reasonable inferences. As in many similar cases, the only available testimony as to the scope of a chauffeur's

employment came from him and his employer. The judge might well scrutinize their story, improbable in many details, which tended to shield a culpable chauffeur and an interested employer, and which the injured plaintiff could not contradict by any direct testimony. *Ouimette* v. *Harris*, 219 Mass. 466. *Heywood* v. *Ogasapian*, 224 Mass. 203. *Teague* v. *Martin*, 228 Mass. 458. *Barney* v. *Magenis*, 241 Mass. 268, 271. See also *Chandler* v. *Broughton*, 2 L. J. (N. S.) Ex. 25. *Bell* v. *Jacobs*, 261 Penn. St. 204, 208. *Baker* v. *Maseeh*, 20 Ariz. 201, 206. *Daggy* v. *Miller*, 180 Iowa, 1146, 1151. *Commonwealth* v. *Sherman*, 191 Mass. 439, 441.

The requests referred to were denied rightly. As to the thirteenth and sixteenth, the reasons stated by the trial judge were sufficient to warrant his refusal to give them. In view of the conclusion reached, it is unnecessary to consider whether the liability of the defendants could be based on their alleged violation of G. L. c. 90, § 12, which prohibits the owner of a motor vehicle from allowing it to be operated by any person who has no right to do so.

*Exceptions overruled.*