JOHN McDONOUGH *vs.* DOMINICK VOZZELA.

Suffolk.    December 13, 1923. — February 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Contributory, Imputed, Of custodian of child, Of child, Motor vehicle, In use of highway.    *Motor Vehicle,* Driver's employment by owner, License to operate.    *Agency,* Scope of employment.    *Practice, Civil,* Requests, rulings and instructions, Exceptions.

This court, in considering exceptions saved at the trial of an action in the Superior Court, have nothing to do with the probative weight of evidence submitted for the proof of facts at the trial, but are concerned only with questions of law.

At the trial of an action for personal injuries received by a boy four years and five months of age, who was run into by an automobile of the defendant, there was evidence tending to show the following facts: The plaintiff at the time of the accident was in charge of a niece, about fifteen years of age, of his mother, the mother having to be away from home at the time. The niece took the plaintiff and a younger child for a walk, holding the younger child by the hand and permitting the plaintiff to run ahead, playing on the sidewalk, calling him back from time to time. The plaintiff crossed a street and, when from one hundred to two hundred feet away, the niece called him back. As the plaintiff was crossing the street and almost had done so, the automobile, which was going about forty miles an hour, ran into him. The street was a country road, upon which not many automobiles passed. It was level and there was a view both ways upon it for a long distance. The niece did not see the automobile until it passed her. *Held,* that

(1) A finding was warranted that the mother of the plaintiff was not negligent in entrusting the plaintiff to the care of the niece;

(2) It could not be said as a matter of law that the niece as temporary custodian of the plaintiff failed to exercise due care;

(3) While the plaintiff was too young to have much prudence, he could not be pronounced as a matter of law to be wholly incapable of exercising any care in the circumstances confronting him;

(4) It was proper to submit to the jury the issue of the due care of the plaintiff, his custodian and his mother;

(5) There was evidence warranting a finding that the driver of the automobile was negligent.

Where, at the trial of an action for personal injuries suffered when the plaintiff was run into by an automobile of the defendant, an issue was, whether the defendant should be held liable for negligence on the part of the driver of the automobile, although mere disbelief of testimony of the defendant and of the driver, who had no license to operate the automobile, to the effect that the driver was not authorized to use the automobile, would not supply the place of the necessary proof of the existence of such authority, an inference of the existence of such authority would be warranted, in spite of the testimony of the defendant and the driver to the contrary, from evidence tending to show that the defendant owned the automobile, that the driver was in his general employ and, when the accident occurred, was using the automobile during a time when the defendant was entitled to his services and on the defendant's business in procuring lanterns to guard some work that the defendant was doing for a city, and that haste in procuring the lanterns was necessary because of rapidly approaching darkness.

At the trial of an action, the judge cannot be required to grant requests for rulings which relate to fragmentary portions of the evidence only.

An exception will not be sustained to the refusal of a trial judge to grant a request for a ruling, correct in form and of material substance, if the subject of the request is dealt with adequately in the charge.

At the trial of an action against the owner of an automobile for personal injuries resulting from negligence of an unlicensed driver alleged to be in the employ of the defendant, an exception will not be sustained to instructions to the jury in the following language: " It was also a violation of the law for the defendant to allow his automobile to be driven without a license if he knew it, and knew the driver had no license.  Those are violations of the law and can be used in considering the evidence of negligence."

TORT for personal injuries suffered when the plaintiff was run into by an automobile of the defendant on Florence Street in Boston.  Writ dated November 23, 1918.

In the Superior Court, the action was tried before *J. F. Brown*, J.  Material evidence is described in the opinion.  At the close of the evidence, the defendant asked for the following rulings:

" 3. If the plaintiff, unmindful of his safety, ran across Florence Street, directly in the path of the defendant's automobile, he was negligent and cannot recover."

" 5. If the plaintiff was of sufficient age and intelligence to be properly permitted to be on Florence Street, and to cross such a street as Florence Street alone, he was bound to take such precautions as were necessary for his safety in so crossing.

" 6. If the plaintiff took no precautions for his own safety in crossing Florence Street, he cannot recover.

" 7. In order to recover, the plaintiff, if unattended on such a street as Florence Street, must have exercised the care of the ordinary adult in crossing Florence Street under the circumstances, and if he did not exercise such care, he cannot recover."

" 9. The presence of the plaintiff unattended on such a street as Florence Street is *prima facie* evidence of negligence of the plaintiff's parents or the person having the custody of the plaintiff."

" 12. That the fact that the driver of the defendant's automobile had no license is not conclusive evidence of negligence, and unless the fact that the driver had no license contributed in some way to the plaintiff's injuries, the fact that the driver was not licensed is not sufficient evidence of negligence to render the defendant liable."

" 16. If the jury find that the person in charge of the plaintiff permitted the plaintiff to run and play on Florence Street, and just prior to the accident allowed the plaintiff to run ahead of her on Florence Street to a distance of about three hundred and twenty feet, and across to the opposite side of the street, and then called the plaintiff to come back to her without looking to see if any automobiles or vehicles were approaching and without taking any precautions for the safety of the plaintiff in crossing the street, and the plaintiff without taking any precautions, crossed the street in front of the defendant's approaching automobile and was injured, the plaintiff cannot recover.

" 17. There is no evidence that the plaintiff was in the exercise of due care at the time of the accident.

" 18. There is no evidence that the person having the care and custody of the plaintiff at the time of the accident was in the exercise of due care."

The trial judge refused to rule as requested. In the

course of the trial, upon the matter of the failure of the driver of the automobile to be licensed, the judge charged the jury as follows: " Something has been said here about Todesca driving without a license. That is a violation of the law, and it was also a violation of the law for the defendant to allow his automobile to be driven without a license, if he knew it and knew the driver had no license. Those were violations of law, and can be used in considering the evidence of negligence, if you find the defendant negligent and that negligence had anything to do with the accident; you are to take them into account and give them such weight as you think you ought to. The fact that Frank Todesca was convicted has nothing to do with it. It is introduced simply to show you that he has been convicted, was found guilty of a criminal offense, and that he ought not to be believed on the witness stand; simply whether it affects his credibility or not; it is for you to say."

The defendant excepted to the following portion of the charge: " It was also a violation of the law for the defendant to allow his automobile to be driven without a license if he knew it, and knew the driver had no license. Those are violations of the law and can be used in considering the evidence of negligence."

There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

*C. H. Cronin,* (*W. A. Lackey* with him,) for the defendant.

*W. Flaherty & J. P. Walsh,* for the plaintiff, submitted a brief.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries received by the plaintiff by being struck by an automobile owned by the defendant. The evidence touching the manner and circumstances of the injury was conflicting and it would seem that the defendant reasonably might have expected a verdict in his favor. But we have nothing to do with the weight of the evidence and are concerned only with the questions of law.

1. There was evidence tending to show that the mother of the plaintiff, having occasion to go out of her home on the afternoon of the injury, left her youngest child, two years

and eight months of age, and the plaintiff, four years and five months of age, in charge of her niece, then about fifteen years old, who lived with her. The plaintiff then was in the house but was being dressed so that he could go on the street. The niece took these two small children out for a walk, with no definite destination, holding the younger by the hand and permitting the plaintiff to run ahead playing on the sidewalk, and calling him back from time to time. Finally the plaintiff ran quite a distance ahead of her and crossed to the other side of the street, and she called to him when he was from one hundred to two hundred feet away (or further according to some evidence) to come back. As she called, an automobile passed and just then the plaintiff started to cross the street and he was almost over to her side when the automobile knocked him down. The automobile was " going very fast " and kept going fast until the plaintiff was knocked down. The street was a country road and automobiles passed back and forth to some extent but not very much. One could see up and down the street for a long distance. It was level. She did not see the automobile until it passed her. There was much evidence tending to show that the accident did not happen in this way, but in the aspect of the evidence most favorable to the plaintiff the narrative just stated might have been found to be true.

The rights of the plaintiff must chiefly be determined by the conduct of his proper custodian. Plainly the jury could find that the mother was not negligent in intrusting the plaintiff to the care of her niece. Although the case is close upon this point, it cannot quite be said as matter of law that the niece in the performance of her duty as temporary custodian of the plaintiff failed to exercise due care. Moreover, the plaintiff, while too young to have much prudence, cannot be pronounced as matter of law incapable of exercising any care in the circumstances confronting him. All these factors required the submission to the jury of the issue of the due care of the plaintiff, his custodian and his mother. *Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37. *Beale* v. *Old Colony Street Railway,* 196 Mass. 119. *Dowd* v. *Tighue,* 209 Mass. 464. *Ayers* v. *Ratshesky,* 213 Mass.

589. *Travers* v. *Boston Elevated Railway,* 217 Mass. 188. *McCulloch* v. *Needham,* 217 Mass. 227. *Tannian* v. *Amesbury,* 219 Mass. 310. *Sughrue* v. *Bay State Street Railway,* 230 Mass. 363. *Eshenwald* v. *Suffolk Brewing Co.* 241 Mass. 166. *Direnski* v. *Eastern Massachusetts Street Railway,* 244 Mass. 313. The case at bar is distinguishable from cases like *Holian* v. *Boston Elevated Railway,* 194 Mass. 74, *Walukewich* v. *Boston & Northern Street Railway,* 215 Mass. 262, *Kelley* v. *Boston & Northern Street Railway,* 223 Mass. 449, *Garabedian* v. *Worcester Consolidated Street Railway,* 225 Mass. 65, *Gallagher* v. *Johnson,* 237 Mass. 455, and *Sullivan* v. *Chadwick,* 236 Mass. 130.

2. There was sufficient evidence of the negligence of the driver of the automobile to require the submission of that issue to the jury. Pertinent evidence in that connection was to the effect that the street was comparatively free from traffic, that it was straight for a considerable distance with unobstructed view, that it was daylight, that the speed of the automobile was variously estimated at from seven to forty miles an hour, that the driver did not see the girl with the two children as he came along the street, that he saw the plaintiff standing in the gutter and did not see him again until after the accident, and that the plaintiff was almost across the street before he was struck, and that the driver of the automobile, who was in it alone, was not licensed to drive a motor vehicle. *Quinn* v. *Boston Elevated Railway,* 214 Mass. 306, 310. *Sughrue* v. *Bay State Street Railway,* 230 Mass. 363, 366. *Fuller* v. *Andrew,* 230 Mass. 139, 147. *Walters* v. *Davis,* 237 Mass. 206. *McMahon* v. *Pearlman,* 242 Mass. 367, 370.

3. The defendant was building a sewer for the city of Boston in a near by street. Admittedly he was the owner of the automobile but was not in it at the time of the injury. On the point whether at that time it was being used in his business by his authority there was evidence that the driver of the automobile, one Todesca, was in his general employ caring for gasoline pumps and compressors, but was not employed to drive and never had driven his automobile. About half past three o'clock on a November afternoon the defendant instructed Todesca to go to Roslindale to get some

lanterns, the store to which he was sent being about fifteen minutes walk from the job. No directions were given to take the automobile, which was about seven hundred feet from the place where the defendant gave his orders to Todesca. Never having driven the defendant's automobile, Todesca took it on this occasion and while he was returning from the store with the lanterns the accident happened. There was also evidence that the defendant said to the father of the plaintiff shortly after the injury, that " he sent Frank Todesca up for some lanterns; that it was getting dark and he had to get the lanterns in a hurry for a job he was doing for the city of Boston."

With the exception of the testimony just quoted, all the evidence on that point came from the defendant and a witness called by him. Of course the plaintiff was not bound by it. See *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. If all this evidence were believed, plainly the automobile was not being used at the time by the defendant's authority and hence the defendant would not be liable. Manifestly not every act performed by a servant in his master's business binds the latter. *Hartnett* v. *Gryzmish*, 218 Mass. 258. *Marsal* v. *Hickey*, 225 Mass. 170. *Seaboyer* v. *Director General of Railroads*, 244 Mass. 122. *Porcino* v. *De Stefano*, 243 Mass. 398. *Phillips* v. *Gookin*, 231 Mass. 250. But it is familiar law that the jury are not bound to give credit to testimony even though uncontradicted. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, 323. *Commonwealth* v. *Russ*, 232 Mass. 58, 70. Mere disbelief of testimony is not proof of facts of an opposite nature or tendency. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 177. *Martell* v. *Dorey*, 235 Mass. 35, 41. The jury might have found that the only credible evidence was that which proved that the defendant owned the automobile, that Todesca, who was in the general employ of the defendant, was using it during time when his master was entitled to his services on his master's business of getting lanterns, and that that business was urgent and must be quickly done by reason of approaching darkness. If these were found to be the facts, then the case stands in this way: there is use of the defendant's automobile by his

servant during regular hours of work in the prosecution of
his business.   We are of the opinion that from these facts
the inference might be drawn under the circumstances
here disclosed, that such use was impliedly authorized or
assented to by the defendant, notwithstanding the denials
of the defendant and his servant.   Whether such inference
ought to be drawn was matter for the jury to determine.
The fact that the use of the automobile was in the owner's
business distinguishes the case at bar from cases like *O'Rourke*
v. *A–G Co. Inc.* 232 Mass. 129, *Melchionda* v. *American
Locomotive Co.* 229 Mass. 202, *Teague* v. *Martin,* 228 Mass.
458, *Gardner* v. *Farnum,* 230 Mass. 193, *Canavan* v. *Giblin,*
232 Mass. 297, *Wilson* v. *Pennsylvania Railroad,* 34 Vroom,
385, and *Moquin* v. *Kalicka, ante,* 476.

The case at bar falls within the class of cases illustrated
by *Reynolds* v. *Denholm,* 213 Mass. 576, *D'Addio* v. *Hinckley
Rendering Co.* 213 Mass. 465, *Hopwood* v. *Pokrass,* 219 Mass.
263, *Heywood* v. *Ogasapian,* 224 Mass. 203, *Campbell* v.
*Arnold,* 219 Mass. 160, *Ouimette* v. *Harris,* 219 Mass. 466,
*Barney* v. *Magenis,* 241 Mass. 268, *Conant* v. *Constantin,*
247 Mass. 76.

4. There was no error in the denial of the several requests
of the defendant for instructions.   Most of them related to
fragmentary portions of the evidence with which the judge
could not be required to deal specifically.   *Ayers* v. *Ratshe-
sky,* 213 Mass. 589, 593.

The charge was adequate in its treatment of the question
of the due care of the plaintiff.   The third prayer omitted
all reference to the supervision of the girl in charge of the
plaintiff and her relation to his conduct, which was an im-
portant factor in determining his due care.   The sixteenth
request contained statements of fact about which the evi-
dence was conflicting.   The trial judge was not obliged to
adopt the phrase of the instruction provided the subject
was dealt with adequately.

There was no error in the way in which the failure of the
driver to be licensed and the bearing of that violation of a
criminal statute upon the question of negligence of the de-
fendant or the driver was left in the charge.   *Berdos* v.
*Tremont & Suffolk Mills,* 209 Mass. 489, 496.   *Davis* v.

*John L. Whiting & Son Co.* 201 Mass. 91, 96. *Nager v. Reid*, 240 Mass. 211.

5. The exception to the ruling that it was a violation of law for the defendant to allow his automobile to be driven without a license, if he knew it and knew that the driver had no license, must be overruled. The charge was in accordance with the statute. G. L. c. 90, §§ 12, 20. The judge in his charge cannot rightly assume the existence of facts not proved, or raise false issues, or give instructions not adapted to the evidence. *Clough* v. *Whitcomb*, 105 Mass. 482. *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 516. *Corsick* v. *Boston Elevated Railway*, 218 Mass. 144. What has been said already under division 3 of this opinion shows that the inference as to these facts against the defendant might have been drawn. In this connection it is to be noted that there was evidence to the effect that shortly after the accident the defendant said to the father of the plaintiff that Todesca had no license to operate the automobile.

A careful examination of the entire record discloses no reversible error.

*Exceptions overruled.*