PHILIP HIRREL, administrator, *vs.* WILLIAM F. LACEY & others.

Middlesex.    February 3, 1931. — February 4, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, In use of way, Causing death, Contributory, Of child. *Way*, Public. *Pleading, Civil,* Declaration. *Practice, Civil,* Amendment, Admission of facts in absence of special demand for proof, Exceptions. *Evidence,* Presumptions and burden of proof.

At the hearing by a judge without a jury of an action against the owner and the operator of a motor truck for the causing of the death of a boy six and one half years of age, there was evidence that the boy and his sister, two years older, were walking along a dirt and gravel

sidewalk on a public way when they came to a driveway leading across the sidewalk to the defendants' place of business; that the sister was on the outside of the sidewalk and the boy on her right hand side; that the sister saw the defendants' truck approaching on the public way about one hundred feet away, next noticed it turn into the driveway, let go her brother's hand and stepped back to save herself; that if she had tried to save him they both would have been killed; that she was a step beyond a stone roughly marking the edge of the driveway; that her brother did not see the truck; that the middle of the front of the radiator of the truck hit the brother; that the right front wheel of the truck went over his body; that the owner of the truck and his son, the driver, were both riding to their work; that neither of them saw the children on the sidewalk and that the first they knew of the accident was when the boy was run over and his sister screamed. The judge found that the driver of the truck was negligent and that he was not satisfied that the boy was negligent; and found for the plaintiff. *Held,* that

(1) There being evidence that the boy was struck by the defendants' truck on the sidewalk and not on the defendants' land, a finding to that effect was warranted although there was other evidence that, when the truck came to a stop, the body of the boy was six or eight feet inside the property line of the defendants;

(2) The boy was old enough to exercise some care, and the finding by the judge, that he was not proved to have been negligent, was warranted;

(3) A finding of negligence of the defendants was warranted;

(4) The mere fact that the sister, asked on the witness stand whether her brother "walked right into the truck," bowed her head, did not as a matter of law require a finding that other evidence warranting the finding for the plaintiff was counteracted.

At the time of the suing out of a writ in an action of tort for causing the death of a boy, which purported to be brought by an administrator of the boy's estate, no administrator had been appointed. At the time of the hearing of the action by a judge without a jury, there was no special demand, either in the pleadings or orally, for proof of the representative capacity of the plaintiff. *Held,* that the capacity of the plaintiff to bring the action was admitted by the defendant.

In the action above described, there was no allegation in the declaration to the effect that the boy left next of kin. At the hearing, there was abundant evidence to prove that fact, and this court gave the plaintiff leave to amend the declaration in the Superior Court by adding an averment to that effect.

The fact that, at the hearing of the action above described, the plaintiff waived any claim to recover damages for conscious suffering, rendered of no consequence the circumstance that in a single count in the declaration were joined a cause of action resting on the statute giving recovery for the causing of death through negligence and a cause of action for conscious suffering.

It appearing from the record before this court upon exceptions by the defendant after a finding for the plaintiff in the action above described

that the trial of the case proceeded on the theory that the sidewalk was a part of the highway, it was not open to the defendants in this court to contend that there was no evidence that the accident occurred upon a highway.

TORT. Writ dated July 15, 1926.

In the Superior Court, the action was heard by *Qua,* J., without a jury. Material evidence is described in the opinion. At the close of the evidence, the defendants asked for the following rulings:

"4. Upon all the evidence, the plaintiff is not entitled to recover either for the death or conscious suffering of the plaintiff's intestate.

"5. If the accident did not happen within the confines of the highway known as Mystic Avenue, the plaintiff is not entitled to recover either for the death or conscious suffering of the plaintiff's intestate by proof of ordinary negligence.

"6. Upon all the evidence, the accident happened upon the premises of the defendants.

"7. If the accident happened upon the premises of the defendants, the plaintiff is not entitled to recover, upon all the evidence, either for the death or conscious suffering of the plaintiff's intestate without proof of wilful, wanton or reckless misconduct upon the part of the defendants or upon the part of those for whom they are legally responsible.

"8. There is no evidence of wilful, wanton or reckless misconduct on the part of the defendants or upon the part of those for whom they are legally responsible.

"9. There is no evidence of negligence on the part of the driver of the truck in question."

"11. The plaintiff's intestate, as matter of law, was capable of exercising a degree of care on his part, which is cognizable at law.

"12. Upon all the evidence, the plaintiff's intestate was not in the exercise of due care.

"13. Upon all the evidence, the defendants are entitled to a finding in their favor."

The judge, having made the specific findings stated in the opinion, granted requests numbered 5, 7, 8, and 11, denied the others, and found for the plaintiff in the sum of $5,000.

The defendants alleged exceptions.

*F. J. Carney,* (*J. A. Canavan* with him,) for the defendants.

*J. J. Donahue,* (*C. J. Redmond* with him,) for the plaintiff.

RUGG, C.J.   This is an action of tort to recover damages for the death of a boy, six and one half years of age, alleged to have resulted from the negligence of the defendants.

There was evidence tending to show that the deceased child and his sister, about eight and one half years old, at about half past seven on an April morning left their home on the north side of Mystic Avenue in Medford and walked along a dirt and gravel sidewalk on that street about one hundred feet when they came to a driveway leading across the sidewalk into the defendants' place of business; that the sister was on the outside of the sidewalk and the deceased on her right hand side; that the sister saw the defendants' truck on Mystic Avenue about one hundred feet away travelling in the opposite direction; that she next noticed it turn into the driveway, let go her brother's hand and stepped back to save herself; that if she had tried to save him they both would have been killed; that she was a step beyond the stone roughly marking the edge of the driveway, and her brother was to her right on the sidewalk and did not see the truck; that the middle of the front of the radiator of the truck of the defendants hit her brother; that the right front wheel of the truck went over his body; that the owner of the truck and his son, the driver, were both riding to their work; that neither of them saw the children on the sidewalk and that the first they knew of the accident was when the boy was run over and his sister screamed.

The trial judge found that the driver of the truck was negligent; he stated that, in view of the tender years of the deceased and the facts that the truck approached from his side and that his sister who was holding his hand was, in a sense, between him and the truck, he was not satisfied that the deceased was negligent, and made a finding

for the plaintiff. The plaintiff at the trial abandoned all claims except for the death of the decedent.

The finding of the judge that the decedent was struck by the defendants' truck on the sidewalk and not on the defendants' land was warranted by the evidence, notwithstanding the evidence tending to show that when the truck came to a stop the body of the decedent was six or eight feet inside the property line of the defendants.

The decedent was old enough to exercise some care. Plainly there was evidence to sustain the finding of the judge that the burden resting on the defendants of proving contributory negligence on his part had not been sustained. *Eshenwald* v. *Suffolk Brewing Co.* 241 Mass. 166. *Forzley* v. *Bianchi,* 240 Mass. 36. *Mercier* v. *Union Street Railway,* 230 Mass. 397, 403. He was walking on a sidewalk where he had a right to be, and he justly might rely to a considerable extent on the expectation that no one would drive a motor vehicle across that sidewalk, even at a private driveway, without giving seasonable warning and stopping if necessary in order to avoid a collision. Moreover, the decedent was in the care of his elder sister who might be found to be a competent custodian and to have acted throughout with due care. *Direnski* v. *Eastern Massachusetts Street Railway,* 244 Mass. 313, 316. *McDonough* v. *Vozzela,* 247 Mass. 552, 556. The case at bar is quite distinguishable on this point from the numerous cases on which the defendants rely, but it is not necessary to review them one by one for the purpose of distinguishing them.

Plainly it might have been found to be negligence on the part of the defendants to drive upon the sidewalk without observing the children and acting with due care in view of their presence. The children and the sidewalk were in plain view of the defendants. There appears to have been nothing to obstruct their view. *Cairney* v. *Cook,* 266 Mass. 279, 282, 283. *King* v. *Weitzman,* 267 Mass. 447. Whatever may have been the significance of the circumstance that the sister, asked on the witness stand whether her brother " walked right into the truck," bowed

her head, the plaintiff was not bound by that testimony, and the judge was not required to find that it counteracted all the other evidence in the case warranting the finding. *Haun* v. *LeGrand,* 268 Mass. 582, 584.

It is manifest that the trial of the case proceeded on the assumption that the plaintiff prior to the issuance of the writ was appointed administrator of the estate of the decedent and that, whatever may have been the imperfections in his declaration, he was seeking to recover only for the death of his intestate. If the defendants desired to rely on the narrow and technical but sound defence that the plaintiff was not administrator of the estate of the decedent at the time the writ was sued out, *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277, they ought to have done something more than hide the point under a general prayer. Representative capacity of this nature is admitted unless there is special demand for proof. G. L. c. 231, § 30. The rule stated in *Proctor* v. *Dillon,* 235 Mass. 538, 540, does not aid the defendants in these circumstances. Doubtless a demurrer to the declaration might have been sustained, but the defendants did not demur. They proceeded to trial. The plaintiff waived all rights except the right to recover damages for the death of his intestate. There ought to have been an allegation in the declaration to the effect that the deceased left next of kin. *Fidelity & Casualty Co. of New York* v. *Huse & Carleton, Inc.* 272 Mass. 448, 453, 454. The evidence, however, was abundant to prove that the decedent actually left next of kin. The plaintiff is given leave to amend his declaration in the Superior Court adding an averment to that effect. The circumstance that in the single count in the plaintiff's declaration were joined a cause of action resting on the death statute and a cause of action for conscious suffering is of no consequence at this stage of the proceedings since at the trial the plaintiff waived all claim for conscious suffering. In view of the way in which the case appears to have been presented to the trial judge, there is no reversible error in the denial of any of the requests for rulings.

The defendants' present argument, that there was no evidence that the accident occurred upon a highway, cannot be supported. Their fifth request for ruling assumed that the street and sidewalk constituted a highway. The seventh request also assumed that, unless the evidence showed that the decedent was upon the land of the defendants, they would be liable upon proof of negligence, and the bill of exceptions refers to Mystic Avenue and its adjacent sidewalk as "the highway." It is manifest, therefore, that the trial of the case proceeded on the theory that the sidewalk was a part of the highway. There is nothing open to the defendants on this point. *Commonwealth* v. *Mara*, 257 Mass. 198, 209. *Denham* v. *County Commissioners*, 108 Mass. 202, 205.

Every contention put forward in behalf of the defendants has been considered, but need not be discussed more at length.

*Exceptions overruled.*