EDWIN KELLY *vs.* RAILWAY EXPRESS AGENCY, INCORPORATED.

Suffolk.    November 9, 1943. — December 28, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Motor Vehicle*, Ownership, Operation.  *Personal Property*, Ownership.  *Agency*, Scope of authority.  *Negligence*, Motor vehicle, Use of way, Contributory.

Evidence of the circumstances in which a pedestrian was struck by a motor, truck at the outlet of a driveway leading from the defendant's place of business and used by a truck of the defendant at almost exactly the time of the accident, and of a similarity of the name on a sign on the truck in question to the defendant's name and the name on signs on his trucks warranted a finding that the truck involved was operated by an employee of the defendant acting within the scope of his employment.

Evidence warranted a finding of negligence of the operator of a motor truck toward a pedestrian who was struck by the truck while he was crossing the outlet of a driveway out of which the truck was being driven, and did not require a ruling that the pedestrian was guilty of contributory negligence.

TORT.    Writ in the Municipal Court of the City of Boston dated August 20, 1942.

Upon removal to the Superior Court, the action was tried before *Higgins*, C.J., who, after a verdict for the plaintiff, ordered entered a verdict for the defendant under leave reserved.  The plaintiff alleged exceptions.

*H. Lawlor*, for the plaintiff, submitted a brief.

*A. M. Pinkham*, for the defendant.

Qua, J.  On March 4, 1942, the plaintiff, while a pedestrian on Beverly Street in Boston, was struck and injured by a motor truck.  The principal question is whether there was any evidence to warrant the jury in finding that the truck was driven by an employee of the defendant acting within the scope of his employment.  The plaintiff derives no aid from G. L. (Ter. Ed.) c. 231, § 85A, since there was no evidence that the truck was registered in the name of the defendant.

The issue was for the jury, if anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.  If any such combination of circumstances could be found it is, for present purposes, immaterial how many other combinations could have been found which would have led to conclusions adverse to the plaintiff.  And in determining what circumstances could be found the plaintiff is entitled to the benefit of all the evidence most favorable to him, even though his own testimony may have been less favorable.  *Horneman* v. *Brown*, 286 Mass. 65, 70–71.  *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 110–111.  *Gleason* v. *Mann*, 312 Mass. 420, 423.  *Duff* v. *Webster, ante*, 102, 103.

One combination of circumstances that could have been found is this: The plaintiff, as he was walking across the outlet into Beverly Street of a driveway, was struck by a truck coming out of the driveway.  This driveway ran through or past a parking space and was one of two leading from "the depot," which is "a place for the outgoing and incoming express business of the Railway Express people."  The "Express shed" is located immediately back of the North Station.  Both driveways are "outgoing."  The "incoming" entrance is Haverhill Street.  The plaintiff was struck at the driveway nearer Charlestown, which was "the easiest way out."  Ninety-nine per cent of the defendant's drivers used that driveway.  That driveway was "limited to Railway Express trucks 'mostly, unless something brings them at the depot and they might come out this way.'"

(The words "this way" seem to refer to the second way nearer the "Industrial Building," not, as could be found, generally used by the defendant.) The driveway nearer Charlestown is used "almost constantly all afternoon by Railway Express trucks going in and out." The plaintiff left the North Station at "pretty near" four o'clock, "maybe five or ten minutes before." He "took five or ten minutes to walk to where the accident happened." The defendant's records of the arrival and departure of its trucks, kept by its supervisor, disclosed that two of the defendant's trucks manned by its drivers departed from "the depot" at five minutes past four, and the driver of one of these trucks testified that he used the driveway nearer Charlestown. These same drivers were checked in and out at other times during the day. The truck that struck the plaintiff was "a heavy car with 'Railway Express' on it, up top in front," over the driver's seat. The defendant's supervisor testified that the defendant's trucks carried signs over the cabs that read, "Railway Express Agency," and in cross-examination, in response to the question, "Isn't it a fact, on top of the truck that only two words 'Railway Express' were in larger type, without 'Agency' or 'Inc.'?" he answered, "I am not positive, sir, it is either 'Railway' or 'Railway Express Agency.'"

If the jury accepted the combination of circumstances disclosed in the foregoing statement, they could find that the truck that came out of the driveway and struck the plaintiff bore a sign at least strikingly similar to the name of the defendant and to the signs that the defendant's trucks carried; that the truck came from the direction of the defendant's "depot" along the usual course taken by the defendant's trucks at almost exactly the time when either one of two of the defendant's trucks which actually left its "depot" would, according to the defendant's own records, arrive at the scene of the accident. The jury could therefore infer that the truck which struck the plaintiff was one of the defendant's trucks. They could further infer that an express truck of the defendant which was leaving the defendant's place of business during usual business hours in

charge of one of the defendant's drivers and which had been checked out and recorded in the defendant's customary manner was being operated in the course of the defendant's business, and that the driver was not, to use the familiar expression, "on a frolic of his own." [1]  The jury could disbelieve the testimony of the two drivers that they were not involved in an accident.  The case supplies more than merely the evidence of a sign, or of control over the truck, and is stronger for the plaintiff than *Porcino* v. *De Stefano*, 243 Mass. 398, *Vallavanti* v. *Armour & Co.* 260 Mass. 417, or *Cochrane* v. *Great Atlantic & Pacific Tea Co.* 281 Mass. 386. Although not similar in, all respects, it is, nevertheless, to be classed with *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, 469, *Hopwood* v. *Pokrass*, 219 Mass. 263, *Heywood* v. *Ogasapian*, 224 Mass. 203, *Breen* v. *Dedham Water Co.* 241 Mass. 217, *Conant* v. *Constantin*, 247 Mass. 76, *McDonough* v. *Vozzela*, 247 Mass. 552, *Arnold* v. *Brereton*, 261 Mass. 238, *Altoonian* v. *Muldonian*, 277 Mass. 53, and *Gallagher* v. *R. E. Cunniff, Inc.* 314 Mass. 7, 8–9.

The issues of negligence of the driver and of contributory negligence of the plaintiff have scarcely been argued by either side.  The driver could be found to have been negligent in coming out of a driveway and running down a pedestrian on the street who could have been found to be in sight, since the plaintiff testified that he saw the truck twenty-five feet away when he himself was half way across the driveway, and there is no basis for a ruling of law that the plaintiff was contributorily negligent.  Even if he did not look again until he was struck, there is nothing to show that the speed of the truck or the width of the driveway was such as reasonably to require a second look, and he testified that he was "nearly across" when struck.  *Hirrel* v. *Lacey*, 274 Mass. 431, 435. *Legg* v. *Bloom*, 282 Mass. 303.  *White* v. *Checker Taxi Co.* 284 Mass. 73, 76.  *Conrad* v. *Mazman*, 287 Mass. 229, 233–234.  *Hall* v. *Shain*, 291 Mass. 506.  *Thomas* v. *Spinney*, 310 Mass. 749, 751.

The plaintiff's exceptions are sustained.  The verdict

---

[1] Parke, B., in *Joel* v. *Morison*, 6 C. & P. 501, 503.

entered on leave reserved is set aside. The verdict returned
by the jury is to stand, and judgment is to be entered for
the plaintiff on that verdict.

*So ordered.*